JOHN W. CARR v. JOHN J. FEARINGTON and others.

The *bill* given to creditors, "without obtaining judgment at law," by the Ordinance of June 16th 1866, sec. 18, creates a right, whether it be a lien or merely a *lis pendens*, in favor of such creditors, from the time of its filing, which is not disturbed by the fraudulent vendor's subsequent bankruptcy.

(*Rountree* v. *McKay*, 6 Jon. Eq. 87; *Tabb* v. *Williams*, 4 Jon. Eq. 352; *Kirkpatrick* v. *Means*, 5 Ire. Eq. 220; *Wheeler* v. *Taylor*, 6 Ire. Eq. 225; *Freeman* v. *Hill*, 1 Dev. & Bat. Eq. 389; and *Polk* v. *Gallant*, 2 Dev. & Bat. 395, cited and approved.)

BILL, to set aside a conveyance alleged to be fraudulent as against creditors, transmitted from CHATHAM Court of Equity, Fall Term 1868.

The facts are stated in the Opinion.

On the argument of the case at January Term 1869, upon its being suggested that the vendor had been adjudicated a bankrupt since the filing of the bill, the Court ordered the cause to be continued, and notice served upon the assignee in bankruptcy to come forward and make himself a party, or waive his rights to do so. In consequence thereof such assignee elected at this term to be made a party defendant, and was admitted as such.

*Phillips & Merrimon*, for the plaintiff.
*Bragg, Battle & Sons* and *York*, contra.

RODMAN, J. This is a bill in Equity, filed returnable to Spring Term 1867, of the Court of Equity for Chatham. It alleges that complainant is a creditor of John J. Fearington by several bonds made in 1862 and 1863; that on September 11th, 1866, Fearington conveyed to D. A. Mebane, certain personal property; that about the same time he conveyed to David A. Mebane certain land on which his mother had resided, and (by a separate conveyance) certain enumerated articles of personal property; that about the same time he conveyed to John Atwater, his son-in-law, his New Hope trac t

of land, at the pretended price of $500; and prays that all these conveyances may be declared void and the property applied to pay the debts to the complainant, &c.

At Spring Term 1867, the Court ordered that the personal property conveyed to Mebane, and then in the possession of Fearington, be sold, and the proceeds retained subject to the order of the Court; and it was sold by the Master accordingly.

The answer of John J. Fearington admits the debts to complainant stated in the bill, and the conveyances alleged, but denies all fraud. The answers of the other defendants also admit the conveyances stated, but they deny the imputed fraud.

This brief statement of the pleadings will suffice to render the Opinion of the Court intelligible. Much testimony was taken: upon the whole it appears to us that the conveyance to Atwater was fraudulent and void as to the creditors of John J. Fearington; that the conveyance of the land to David A. Mebane was *bona fide* and for value, and was valid; and that the conveyance of personalty to Mebane was a mortgage to secure an actual debt, that it was *bona fide* and duly registered, and was therefore valid as against the creditors of the mortgagor to the extent of securing the mortgage debt. Sometime after the filing of the bill the defendant John J. Fearington was adjudicated a bankrupt on his own petition; and at this term of the Court the assignee, having been notified of the pendency of the suit, appeared and made himself a party defendant, and claimed whatever right he might be entitled to in that character.

We are now prepared to state and consider the questions of law arising in the case. The Convention of the State, by an Ordinance entitled " An Ordinance to change the jurisdiction of the Courts and the rules of pleading therein," ratified June 23rd, 1866, provided for a considerable retardation in the process for the collection of debts in the common law Courts, and by section 18 enacted that " any creditor attempted to be defrauded as set forth in section 1, chapter 50, Revised Code, may without obtaining judgment at law, file

his bill in equity, and said Court is hereby authorized and empowered to direct proper issues to be made up and tried, and to make such orders and decrees as to right and justice may appertain;" and the creditor is allowed to proceed at the same time at law. The section of the Revised Code referred to is the well known Statute of 13 Eliz., for avoiding alienations of lands and goods, made to defraud creditors, and need not be further stated. Prior to this Ordinance it was a settled principle in this State, that before a creditor could apply for the aid of a Court of Equity, either to subject equitable prop·erty to his debt, or to avoid a fraudulent conveyance made by his debtor, he must have established his debt at law, *Rountree* v. *McKay*, 6 Jon. Eq. 87; *Tabb* v. *Williams*, 4 Jon. Eq. 352; and that unless it appeared from the pleadings that the debtor had no property liable to execution at law, the creditor must not only show that he had obtained a judgment, but that he had taken out execution which had been returned *nulla bona*. *Kirkpatrick* v. *Means*, 5 Ire. Eq. 220; *Wheeler* v. *Taylor*, 6 Ire. Eq. 225.

It is contended by the plaintiff in this case, that the effect of the Ordinance was to put a creditor filing his bill, in the same situation that he would have been in, had he obtained his judgment and issued his execution, and had it levied on the property fraudulently conveyed: in other words to give him a lien by the filing of the bill on the property sought to be subjected. The Convention, it is said, intended by its dilatory provisions to give time to honest debtors, but not to fraudulent ones; and to prevent this effect, section 18 was inserted: having prevented the creditor from recovering at law, it allowed him to go at once into equity with all the advantages of a recovery at law, to have the fraud investigated. To invite the creditor into equity, which is naturally slow, and leave the debtor free to sell his property for value, and perhaps flee the country, or to confess it away to other creditors, would be only to ensnare the creditor. We think these views are correct. The Bankrupt Act expressly protects and reserves from its scope, liens previously existing, and

the assignee can have no right to any thing beyond the surplus remaining after payment of the plaintiff's debt, if he has that; but this point not being necessary for present decision, we express no opinion on it.

But if this view should be incorrect, the plaintiff places his claim on the doctrine of *lis pendens*, by which any one purchasing from a defendant after the filing of the bill, will take subject to the equities claimed in the bill, (*Le Neve* v. *Le Neve*, 2 Lead. Cases in Eq., Am. Notes, p. 129.) But it is said that the assignee in bankruptcy is not a purchaser, that he comes in by operation of law and represents all the creditors. We do not see how his coming in by operation of law exempts him from liability to any equities which would weigh against other assignees. We think the best position in which he can stand is that of a purchaser at an execution sale. Yet it is clear law in this State, that such a purchaser takes subject to all equities affecting the thing purchased, whether he has notice of them or not, *Freeman* v. *Hill*, 1 Dev. & Bat. Eq. 389; *Polk* v. *Gallant*, 2 Dev. & Bat. Eq. 395; while it is everywhere held, that he takes subject to those of which he had notice, *Jackson* v. *Town*, 4 Cowen 509. The plaintiff is entitled to have the land conveyed to Atwater, sold and applied to the payment of his debt, and also the surplus of the personal property mortgaged to Mebane.

There will be also a decree for the necessary accounts.

PER CURIAM.                                        Decree accordingly.