JAMES HARRISON *v.* JESSE STYRES and others.

The Act of the General Assembly. ratified the 11th day of May, 1861, (the first *Stay law,*) making void all mortgages and deeds of trust, for the benefit of creditors thereafter executed, whether registered or not, does not apply to a mortgage executed prior to the passage of that act, but registered after its passage.

(The cases of *Barnes* v. *Barnes,* 8 Jones 366; *Wiswall* v. *Potts,* 5 Jones Eq. 182; and *Bank* v. *Jenkins,* 64 N. C. Rep. 719, cited, distinguished from this, and approved.)

This was a CIVIL ACTION, brought to recover $577.00 alleged to be due the plaintiff by the defendant, on a bond executed on the 15th day of October, A. D. 1860, in which the defendant Styres was principal, and the co-defendants, sureties, and also for the purpose of foreclosing a mortgage executed by the defendant Styres to the other defendants to indemnify them as sureties, tried before his Honor, *Judge Cloud,* at Spring Term, 1874, of the Superior Court of DAVIDSON county.

The plaintiff offered in evidence a mortgage duly registered on the 14th day of May, 1861.

The defendants objected to the admission of the evidence on the ground, that no mortgage, professing to secure a surety, was valid, unless all the debts due by the mortgagor were also secured.

The defendant Styres was sworn, and testified: That on the 14th day of May, 1861, he owed sundry other debts, besides that specified in the mortgage. The court overruled the objection, and the defendant farther objected to the admission of the evidence, on the ground that no privity was shown between the mortgagees, and the plaintiff. The court again overruled the objection, and the defendants excepted.

The following is a copy of the mortgage:

" This indenture, made on the 15th day of October, A. D.

one thousand eight hundred and sixty, between Jesse S. Styres of the county of Davidson and State of North Carolina on the one part, and Henry Harrison and Levi Hill, (the co-defendants) of the county and State aforesaid of the other part, witnesseth : That the said Jesse S. Styres for and in consideration of one dollar, to him in hand paid by the said Henry Harrison and Levi Hill, at the time of executing these presents, the receipt is hereby acknowledged, hath granted, bargained, sold, aliened and confirmed and by these presents doth grant, bargain, alien, sell and confirm unto the said Henry Harrison and Levi Hill, their heirs and assigns, a certain tract or parcel of land in the county of Davidson and State of North Carolina, situated on the waters of Caben's Creek, adjoining the lands of D. Styres, Henry Newsom and others, bounded as follows, viz : Beginning at a stone on D. Styres line, thence in a Southwest direction with the public road to a post-oak, thence south to a black-jack, Henry Newsom's corner, thence east to a maple, thence east to a stake, thence south to a maple, Joseph Harrison's corner, thence east to a hickory, Andrew Thompson's corner, thence north to a dogwood, D. Styres corner, thence with his line N. W. to the beginning, containing 167 acres more or less.

*To have and to hold* the said lands and premises, all and singular the tenements, hereditaments, woods, ways, waters, mines, minerals and appurtrnances thereunto belonging to their proper use and behoof in fee simple.

*The condition* of this indenture is such, that whereas the said Henry Harrison and Levi Hill are standing security for the said Jesse S. Styres to James Harrison in the sum of five hundred and seventy-seven dollars, due by bond, with interest from the 15th day of October, 1860, as by reference to the bond will more fully appear; and whereas the said Jesse S. Styres is honestly desirous of securing the payment thereof : Now thereof if the said Jesse S. Styres, shall on or before the 15th of March, 1861, fully pay and discharge the said debt, then this inden–

ture and every part and clause thereof shall be void, otherwise to remain in full force and effect." ·

This mortgage was executed by all the parties thereto, *and was registered May* 14*th*, 1861.

It was in evidence that the defendant Styres had occupied the mortgaged premises ever since the execution of the mortgage, and that the land upon which the mortgage was given, was bought by Styers from the plaintiff and the bond in suit was given as the price of the land. That the plaintiff had proposed to the defendant Hill, who had the mortgage in his possession that if he would surrender it to him, he would see the defendant Styres, and if he could compromise with him and get back the land he would release the sureties, and that if he failed to effect a compromise he would return the mortgage. That having failed, he shortly thereafter delivered it to the defendant Harrison.

The plaintiff here rested his case, whereupon the defendants moved for judgment of non-suit. The court overruled the motion.

On the part of the defendants there was evidence tending to show that the plaintiff had told Hill that if he would give him the mortgage he would release Harrison and Hill from the debt. That the defendants had no property liable to execution.

There was also further evidence tending to show that the interest of Styres in the mortgaged premises, had been sold under the Internal Revenue law of the United States, for the payment of taxes due the government.

The plaintiff had a verdict and judgment, and the defendants appealed. All other facts pertinent to the case, are stated in the opinion of the court.

*Shipp & Bailey*, for the appellants.
*Dillard & Gilmer* and *T. J. Wilson*, contra.

BYNUM, J. On the 15th of October, 1860, the plaintiff sold and conveyed a tract of land to the defendant, Styres, for the sum of $570, taking his bond for the purchase money with the defendants, Harrison and Hill, as the sureties thereon. At the same time, and as a part of the transaction, Styres, the principal, executed to the sureties a mortgage of the land, reciting therein the suretyship and expressly stipulating that Styres should pay the debt on or before the 15th of March, 1861, or the deed should become absolute. The mortgage was not registered until the 14th of May, 1861. The principal and sureties in the bond are now insolvent, and the land embraced in the mortgage is the only property available for the payment of the debt. The prayer of the complaint is for judgment on the bond and a foreclosure and sale of the mortgaged premises for the satisfaction of the debt.

The defense mainly relied on is, that the mortgage is void under the seventh section of an act of the Legislature, ratified the 11th of May, 1861, and known as the first stay law of the war. That section is as follows: "That all mortgages and deeds of trust for the benefit of creditors hereafter executed, whether registered or not, and all judgments confessed during the continuance of this act, shall be utterly void and of no effect."

It will be observed that the mortgage was executed on the 15th of October, 1860, the stay law was passed on the 11th of May, 1861, and the deed was registered on the 14th of May, 1861. The mortgage was executed prior to the act of the Legislature, which, in express terms, makes void those mortgages and trusts only, which should be executed after the passage of the act. This deed, then, does not fall within the prohibition of the act. It is true, the mortgage was not registered until after the act was ratified, but the act clearly refers to the time of the execution of the deed, and not the time of its registration, for the terms used in the act are " *hereafter executed*, whether registered or not," that is, whether those

mortgages and trusts, which shall hereafter be executed, shall be registered or not. Prior to the act, mortgages were good *inter partes,* without registration, and the purpose of the act seems to have been to make such deeds void as well as registered ones, when they were executed after the passage of the act. Certainly, when this mortgage was executed on the 15th of October, 1860, there was no law in existence which forbid it; it was then valid between the parties, and the subsequent act does not, in terms or by implication, forbid its registration. Valuable rights were acquired by the plaintiff, by virtue of the mortgage, even prior to registration; rights which could not be divested without impairing the obligation of contracts. If the contract of mortgage was valid when entered into, it was not competent to the Legislature, afterwards to make it invalid. If the act of May 11th is fairly capable of it, it must receive such a construction as will not conflict with the Constitution.

But this court in *Barnes* v. *Barnes,* 8 Jones, 366, has declared so much of this act, as was brought in question in that case, to be unconstitutional and void. That part of the 7th section of the act, which attempts to make void all judgments confessed, was held to be an invasion of the judicial power, as well as a violation of contract. The whole section is an integral part of the act, the design and purpose of which, as a whole, was to stay the proceedings of all courts, indefinitely, and to prohibit creditors from either collecting or securing their debts. The reasoning of the court in *Barnes* v. *Barnes,* is, therefore, as applicable to the whole act, as to the part there brought in question, and must be considered as conclusive against the constitutionality of the act. This is upon the supposition, that the act was intended to include mortgages executed before and registered after the act, which is the extremest view which can be taken in behalf of the defendants. But we believe the first view taken of the act is a correct one, and by it, the validity of the act need not be drawn in question.

The mortgage being established as valid, the defendants Hill and Harrison, by the very terms of the mortgage, hold the land in trust for the payment of this debt. Even if it were a deed in trust to indemnify the sureties, asw as argued by the defendants' counsel, the debt of the creditor supplies the consideration to support the deed, and the creditor's interest, therefore, is the primary object to be protected in equity, and the sureties' indemnity is only secondary. *Wiswall* v. *Potts,* 5 Jones Eq., 184 ; *Bank* v. *Jenkins.* It is unnecessary to consider the rights of the defendant Harris, who claims to have lately purchased the interest of Styres, under a sale for a violation of the revenue law.

This claim seems to have been trumped up to complicate the rights of the plaintiff, and for the benefit of Styres. It cannot affect the rights acquired by the plaintiff under the mortgage.

There is no error.

PER CURIAM.                                        Judgment affirmed.