M. E. WALKER v. W. P. DICKS.

*Surety and Principal—Counter-claim.*

A surety before he has suffered from his suretyship, has the right to use his liabilities, as such, as an equitable counter-claim against a debt he owes his insolvent principal. This defence will avail him equally against an assignee of the note past due when assigned, or assigned with notice.

(*Williams* v. *Helme*, 1 Dev. Eq., 151; *Miller* v. *Cherry*, 4 Jones Eq., 197, cited and approved.)

CIVIL ACTION tried at Fall Term, 1878, of FORSYTH Superior Court, before *Graves, J.*

Case agreed: In 1865, the defendant became surety on a guardian bond of R. L. Walker, deceased husband of plaintiff, and in 1872 a judgment was obtained on the bond. Subsequently Walker died insolvent, the judgment remaining unpaid.   Before Walker's death, the defendant being

indebted to him for the purchase of land, executed a note dated April 18, 1872, payable one day after date, which note was assigned to plaintiff, widow, as part of her year's allowance, and this action was brought for its recovery.

In 1873, the defendant paid $100 on said judgment, and before this action was begun (June 19, 1877,) he paid the further sum of $100, the amount then due by him on the judgment, which was afterwards re-opened on the ground of mistake, and a further recovery of $3,500 had against the sureties to the guardian bond,—defendant's ratable part being $332 less $320 already paid, leaving a balance of $12. The note sued on amounts to $303.03, principal and interest, and the sum paid by defendant as surety aforesaid exceeds the amount of the note.

Thereupon His Honor held that defendant was not entitled to set off the sum for which he was liable and had paid as surety aforesaid, against the note sued on, and gave judgment accordingly, and defendant appealed.

*Mr. J. T. Morehead,* for plaintiff.
*Messrs. Watson & Glenn,* for defendant.

ASHE, J. The only question presented by the facts in this case as agreed upon, is,—has the defendant the right to use his liabilities as surety for R. L. Walker, as an equitable set-off against the note sued on by the plaintiff, the widow of the said R. L. Walker?

At law, the defendant clearly would have no such right, but we think it is equally clear that such a defence will be sustained in equity. Our equity courts have been liberal in extending its aid to creditors, and although a surety is not a creditor before he pays his liabilities as such, yet the rights of a creditor have been accorded to him by the beneficent jurisdiction which the courts of equity in this state have assumed on this subject. The principle seems well established

by the current of authorities, that a surety before he has suffered from his suretyship, may use his liabilities as equitable sets-off against the debt he owes his insolvent principal, and this defence will avail him equally against an assignee, provided the note is over-due when assigned, or assigned with notice.

The surety's equity consists in his liabilities as such—his ability to meet them and the insolvency of his principal. When these incidents concur, he has the right to insist that his debt shall not be used so as to make him a loser thereby. *Williams* v. *Helme,* 1 Dev. Eq., 151; *Miller* v. *Cherry,* 4 Jones Eq., 197.

In our case this equitable defence arose in the lifetime of R. L. Walker, and attached to the note in controversy while he was the holder thereof. The note was past due, and according to the authorities above cited, if he had transferred it, the same equity would have followed it in the possession of the assignee; if so, we can see no reason why it should not follow it in the hands of the plaintiff who holds it under her husband, R. L. Walker, and must take it affected with the same equities to which it was subject in his hands.

Error.                                          Reversed.