*D. P. MAST, Adm'r of Margaret Gardner, v. MARGARET E. RAPER and others.

### Priorities—Judgment Liens—Subrogation.

An administrator *cum test. annex* , pursuant to directions in the will, contracted with J. R. to sell him land of the estate, and gave a bond to make title when the purchase money, for which the vendee executed his note, should be paid. The vendee, after making some payments, took up the note and by agreement substituted two others therefor, one payable to the administrator and the other to the guardian of the testator's children, with one M. G. as surety to the latter. On this note the guardian obtained judgment, which was duly docketed and thereafter assigned to J. F. W. Some time afterwards, J. R. paid off the note held by the administrator and procured from him a conveyance of the land to the surety. Later still, W. and S. obtained and docketed a judgment on an independent claim against J. R and the surety M. G. The controversy being between the assignee of the guardian and W. and S., as to the priority of their liens ; *Held*, that in either of two views, the guardian's judgment was entitled to the preference :

1. The substituted note on which it was rendered retained the lien of the original note, and charged the land in possession of the surety, or

2. If J. R. had procured the conveyance to be made to his surety as an

---

indemnity against her contingent liability on the guardian note, then on the principle of subrogation, the guardian or his assignee became at once entitled to the benefit of that security.

(*Lord* v. *Merony*, 79 N. C., 14 ; *Wilborn* v. *Gorrell*, 3 Ire. Eq., 117 ; *Flynn* v. *Williams*, 1 Ire. Eq., 509 ; *Homesly* v. *Hogue*, 4 Jones, 481 ; *Smith* v. *Smith*, 5 Ire. Eq., 34 ; *Egerton* v. *Alley*, 6 Jones Eq., 188 ; *Ferrer* v. *Barrett*, 4 Jones Eq., 455 ; *Leary* v. *Cheshire*, 3 Jones Eq., 170 ; *Wiswall* v. *Potts*, 5 Jones Eq., 184 ; *Harrison* v. *Styres*, 74 N. C., 290, cited and approved.)

SPECIAL PROCEEDING heard on appeal, at Spring Term, 1879, of FORSYTH Superior Court, before *Schenck, J.*

The opinion contains the facts. From the judgment below, the defendants Wilson & Shober appealed.

*Messrs. Watson & Glenn,* for defendant Welborn.
*Messrs. J. A. Gilmer* and *Gray & Stamps,* for appellants.

SMITH, C. J. The plaintiff, as administrator with the will annexed of Margaret Gardner, applies by petition to the superior court clerk of Forsyth for license to sell, for the payment of her debts, a tract of land in said county devised by the testatrix to her two children Margaret E. and Sarah L. Raper. The devisees and also N. H. D. Wilson and Charles E. Shober, partners of the firm of Wilson & Shober, and John H. Welborn, each of whom asserts a lien on the land, are made defendants, in order that their conflicting claims may be determined in the action. Wilson & Shober and John H. Welborn file answers, setting out the facts upon which their respective claims are founded and assenting to the sale and the transfer of the controversy to the fund to be substituted in place of the land. The plaintiff has accordingly by order of the probate court made sale of the land and holds the proceeds to await the decision in regard to their distribution.

The facts agreed on by counsel as constituting the case are as follows:

Between the years 1861 and 1865, James D. Payne, administrator with the will annexed of Joab Teague, and by authority thereof, contracted with J. J. Raper to sell and convey the land for one thousand dollars, and thereupon the latter gave his note for that sum, and the former executed his bond to make title when the purchase money was paid.

In the year 1866, the parties came to an account and it was found that $750 was still due, and the said Raper thereupon executed two notes, one for $650 with the testatrix, Margaret Gardner, as surety, payable to H. T. Byerly, guardian to the minor children of the testator, Joab Teague, and the other for $100 to the administrator, James D. Payne, and the original note of $100 was surrendered. The guardian H. T. Byerly brought suit on the note delivered to him against J. J. Raper, the principal, and recovered judgment for the amount due thereon at fall term of 1870 of Forsyth superior court. After the docketing of this judgment, Raper paid thereon $195, and also paid the note held by the administrator in full, and directed title to the land to be conveyed to the said Margaret Gardner, his surety, which was accordingly done on the 31st of January, 1872, without the knowledge or consent of the guardian. This judgment has been assigned to the defendant, J. F. Welborn.

Wilson & Shober recovered judgment at spring term, 1872, of Davidson superior court, against said J. J. Raper and the plaintiff's testatrix, Margaret Gardner, on a note for $650 and interest, and about the same time recovered judgment before a justice of the peace against Raper alone for two hundred dollars, both of which judgments they caused to be docketed in the superior court of Forsyth on the 11th day of May, 1872. The defendant, Welborn, insists upon the priority of his docketed judgment against

Raper, to whom on payment of the purchase money the land belonged ; whilst the defendants, Wilson & Shober, contend that the legal estate in the land passed by the deed to the plaintiff's testatrix and their larger judgment against her is the only lien upon it.

The merits of the controversy are open to us and we are called on to decide upon the whole case to the satisfaction of which debts the proceeds of sale shall be applied, and which of the competing claimants has the prior legal or equitable title thereto. When the substituted note was executed to the guardian for a. large part of the remaining purchase money, the land was held by the administrator, Payne, under an express agreement with Raper, the debtor, that it should be in trust to secure the payment of the purchase money, as well as the. portion contained in the note payable to the guardian, as the small residue payable to himself. If the renewal notes had been taken by Payne and he had assigned the larger to the guardian, the right to retain the estate and the legal obligation of the vendor to hold it for the security of both, would be clear and indisputable. The execution of one directly to the guardian does not change the substantial character of the transaction, or affect the legal rights of the parties, as the purchase money is not paid by giving a new security for it, unless so intended, and the vendee is only entitled to a conveyance when the purchase money is paid. This is involved in the decision in *Lord* v. *Merony*, 79 N. C., 14, where it is held that a note taken payable to the guardian, to whom the money due on a sale of land by the clerk and master, when collected, would be paid, still retained its lien upon the land even after the clerk and master had conveyed to the purchaser and the latter had sold and conveyed to an innocent holder.

When the renewal notes were substituted for the single original note, they did not lose their lien upon the retained

estate in the land, but the vendor continued to hold the same as trustee for both, and neither could he rightfully part with the title, nor Raper demand it until the notes were paid. The guardian took the debt with this security and in like condition when reduced to judgment it passed under his assignment to Welborn. *Wilborn* v. *Gorrell*, 3 Ire. Eq., 117.

When upon Raper's payment of the small note, under his direction the land was conveyed to the plaintiff's testatrix, the surety to the larger note, with notice of its non-payment and the attaching trusts, the act was a direct breach of fiduciary obligation concurred in by all the parties to the transaction, which had not the effect of discharging the land, and the trust remained unimpaired following the transfer of the legal estate to her. To this precedent liability for the unpaid purchase money, any lien created by a docketed judgment is necessarily subordinate, because it can only reach the debtor's interest with all the encumbrance thereon. If his equitable estate had been such as could be sold under execution, no greater interest than the debtor had would be acquired by the purchaser, and the judgment lien can have no wider scope of operation. *Flynn* v. *Williams*, 1 Ire., 509; *Homesley* v. *Hogue*, 4 Jones, 481.

Had the testatrix lived, the trust could be enforced against her by the holder of the guardian note; the same right exists to have satisfaction out of the moneys derived from the administrator's sale.

The operation of the rule of subrogation will be illustrated by reference to some adjudged cases.

The surety to a note given for land, the title to which is to be retained until full payment of the purchase money, has an equity on the insolvency of the principal debtor, to have a re-sale of the land, his property, and the proceeds applied in discharge of the debt. *Smith* v. *Smith*, 5 Ire. Eq.,

34; *Egerton* v. *Alley,* 6 Ire. Eq., 188; *Ferrer* v. *Barrett,* 4 Jones' Eq., 455.

So one surety may have property provided by the debtor for the indemnity of a co-surety subjected to the payment of the debt in exoneration of both. *Leary* v. *Cheshire,* 3 Jones' Eq., 170.

The creditor himself may pursue a fund belonging to the principal and held by a surety for his own indemnity appropriated to the debt. *Wiswall* v. *Potts,* 5 Jones' Eq., 184; *Harrison* v. *Styers,* 74 N. C., 290. In the latter case a deed in trust was made conveying property for the indemnity of the surety and the court say: ".The creditor's interest therefore is the primary object to be protected in equity, and the surety's indemnity is only secondary."

In *Ohio Life Ins. Co.* v. *Ledyard,* 8 Ala., 866, the court declare that the creditor is entitled to the benefit of all pledges or securities given to or in the hands of the surety for his indemnity to be applied to the payment of the debt.

In *Phillips* v. *Thompson,* 2 John. Ch. Rep., 418, Chancellor KENT held the holder of an endorsed note entitled to the benefit of a collateral security given by the maker to the endorser for his indemnity.

In *McCallum* v. *Hendley,* 9 Vt., 143, REDFIELD, J., lays down the rule thus: "It is a familiar principle that the creditor may compel the surety to surrender to him any peculiar means which may have been entrusted to him by the principal for the purpose of securing the payment of the debt."

These authorities are decisive of the right of the owner of the note given for the unpaid purchase money, to subject the land to his debt, if the conveyance by Payne was directed by Raper to be made to the testatrix for the purpose of protecting her from loss on account of her said suretyship; and, as far as the case agreed discloses, it was made without any other consideration moving from her. It is

true the answer of Wilson & Shober, alleges the conveyance to have been made in payment of a debt due her from Raper on a contract for the purchase of land in Davidson county, but it is not so stated in the case agreed. So in the answer of Welborn it is said that the guardian note on its face recited the consideration to be " a part of the purchase money of the land," but the fact does not appear in the statement upon which the judgment of the court is asked. Accepting each or discarding both allegations, the result will not be changed. If the conveyance was voluntary, the land is chargeable with the debt, if for a valuable consideration the purchaser had information from the face of the note that it was for part of the purchase money yet due and unpaid for the land, or the means of knowing, which is equivalent.

But the case was argued before us exclusively upon the effect of the docketed judgments and their respective liens upon the land. The guardian judgment was recovered before the conveyance to the testatrix and its lien attached to such interest as Raper then had in the premises, and that was an equitable estate charged with the payment of the residue of the original purchase money. The lien was not removed and could not be removed by any act of Raper, and remained unimpaired by the conveyance executed under his direction, to the testatrix. The legal title only thereby vested in her, subject still to the lien upon the unassignable equitable estate of the debtor.

The lien of Wilson & Shober's judgment attaches to the legal estate, transferred to the executrix, and secures any surplus that may remain after discharging the encumbrance upon the equitable estate of Raper, which did not pass under the deed so as to defeat or obstruct the lien previously acquired by the first docketed judgment. In each aspect of the case, therefore, the debt due to Welborn is entitled to priority of payment out of the proceeds of sale.

No error.　　　　　　　　　　　　　　　Affirmed.