J. E. STENHOUSE and another v. M. L. DAVIS, Adm'r,
and others.

*Executors and Administrators—Injunction.*

Where an administrator sold land to make assets, and it was bought by
his sister either for his or their joint benefit, the plaintiffs becoming her
sureties for the payment of the purchase money, and judgment was
rendered against her and the plaintiffs for the balance due on the pur-
chase money ; and it further appeared that the administrator who was
insolvent, remained in possession of the land ; *It was held,* that the
plaintiffs were entitled to an order appointing a receiver to re-sell the
land (which was not resisted), and an order restraining the administra-
tor from collecting the money due on the judgment against the plain-
tiffs, and from using or assigning the commissions due him from the
estate, until the determination of the action.

*(Smith* v. *Smith,* 5 Ired. Eq., 34 ; *Egerton* v. *Alley,* 6 Ired. Eq., 188 ; *Fer-
rer* v. *Barrett,* 4 Jones Eq., 455 ; *Mast* v. *Raper,* 81 N. C., 330, cited
and approved.)

MOTION of plaintiffs for an Injunction heard at Chambers
in July, 1877, as of Spring Term, 1877, of MECKLENBURG
Superior Court, before *Cloud, J.*

The motion was granted and the defendants appealed.

*Messrs. A. Burwell* and *Shipp & Bailey,* for plaintiffs.
*Messrs. Dowd & Walker,* for defendants.

SMITH, C. J.   The plaintiffs surviving members of the
partnership firm of Stenhouse, Macaulay & Co., in their
complaint allege that the defendant M. L. Davis, adminis-
trator of J. H. Davis, finding it necessary to convert his in-
testate's real estate into assets for the payment of debts, ob-
tained license from the probate court, and on October 26,
1869, among others, sold the tract of land described in the
complaint for the sum of eleven thousand three hundred

and fifty-one dollars and fifty cents, on a credit of twelve months with interest from date, to his co-defendant and sister-in-law, Sue H. Davis; that the land was bid in by her under an arrangement between them, not for herself but for the administrator, and she gave her bond for the purchase money with Stenhouse, Macaulay & Co. and another who is insolvent and has removed from the state, as sureties; that suit has been brought on the bond and judgment recovered against the principal, the plaintiffs, and the other surety, for the amount due; that the administrator is insolvent, and after deducting partial payments, there remains still due on the judgment about seven thousand dollars; and that the administrator is in possession of the land, whose annual rental is of the value of one thousand dollars which he is appropriating to his own use, and there is a considerable sum coming to him for compensation in administering the estate.

The object of the action is to secure these funds and to have the land resold, and the proceeds from both sources applied to the discharge of the said debt.

The defendants both answer, denying that the land was bought for the administrator alone, and declaring that it was bid in for the common and equal benefit of both; and the defendant, M. L. Davis, alleges that the rental value is only six hundred dollars; that the assets have been properly administered and regular accounts thereof made out and returned; and not denying his insolvency, says, it is dependent on the sum for which the land may be resold, and further that his allowance of commissions have been used except about eighteen hundred dollars, which has been assigned to one W. R. Miller. The other matters set up in the defence are not material now to be considered.

At the hearing of the plaintiff's motion at chambers on July, 1877, the court made an interlocutory order restraining the said M. L. Davis from collecting the moneys due on the

judgment, from receiving, using, or assigning his commissions, appointing one T. L. Vail, receiver, to take possession of the land and collect the rents, and authorizing him to advertise and sell the land in order that the proceeds may be appropriated to the debt.

To the part of the judgment directing the sale, the counsel of both parties give their consent in writing, which is filed with, and accompanies, the transcript, and the defendants' appeal only requires a review of the other directions.

Without enquiring into the merits of the controversy at this preliminary stage, it is sufficient to say the case made in the pleadings and upon the evidence fully warrants the order made for the preservation of the fund until the final hearing. There is no disposition manifested by the plaintiffs to interfere with the original sale, confirmed by the probate judge, since the money the land will now command, tested by an attempted sale since, is hardly sufficient to pay the residue of the purchase money, reduced by payments to about half the original price. Upon obvious principles of equity, the property of the principal debtor, acquired by giving the very security sought to be enforced against it, is primarily liable for the debt and the indemnity and protection of the sureties. *Smith* v. *Smith,* 5 Ired. Eq., 34 ; *Egerton* v. *Alley,* 6 Ired. Eq., 188 ; *Ferrer* v. *Barrett,* 4 Jones Eq., 455 ; *Mast* v. *Raper,* 81 N. C., 330.

This is the equity asserted in the complaint, and it is but a reasonable precaution to secure the fund from waste and loss until the rights of the parties can be fully determined and settled. In this view it is immaterial how the title lies between the defendants, for whether one or both are entitled, *the owner's property* is pursued by the sureties, to subject it to the debt contracted in the purchase, and for their exoneration. Nor is it proposed to disturb the due course of administration and distribution of the assets of the intestate's estate, by requiring the property of the principal debtor to

be applied in payment of a debt constituting a part of the trust fund itself.

It must therefore be declared there is no error in the interlocutory judgment, and it is affirmed. This will be certified in order that the cause may proceed in the court below.

No error　　　　　　　　　　　　　　　　Affirmed.