H. O. SCOTT v. E. W. TIMBERLAKE, Adm'r.

*Principal and Surety — Exoneration — Bankruptcy — Counter-claim—Exemptions.*

1. The surety to an insolvent debtor cannot be compelled to pay a debt he owes his principal until he is relieved of the responsibility of surety-ship, and may retain what he owes, as a counter-claim against such principal or his assignee with notice, in a suit by such principal or as-signee on another note against the surety assigned the principal as a part of his exemptions in bankruptcy.

2. This right of surety is not changed by the fact that the principal has been adjudged a bankrupt and had such note assigned to him as part of his exemptions. The assignment does not impair the right of the surety when sued by the principal to avail himself of his equitable set-off or counter-claim; for the exemption is only of the excess be-yond the claim of the surety for indemnity.

(*Williams* v. *Helme*, 1 Dev. Eq., 151; *Battle* v. *Hart*, 2 Dev. Eq., 31; *Nelson* v. *Williams*, 2 Dev. & Bat. Eq., 118; *Mast* v. *Raper*, 81 N. C., 330; *Walker* v. *Dicks*, 80 N. C., 263; *Carr* v. *Fearington*, 63 N. C., 560; *Steadman* v . *Taylor*, 77 N. C., 134, *Ferrer* v. *Barrett*, 4 Jones Eq., 455, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of FRANKLIN Superior Court, before *Seymour, J.*

The court adjudged upon the facts agreed on that the plaintiff recover, and the defendant appealed.

Messrs. J. B. Batchelor and L. C. Edwards, for plaintiff.
Messrs. Davis & Cooke and E. W. Timberlake, for defendant.

SMITH, C. J. The plaintiff holding the note described in his complaint, then over-due, on February 19th, 1876, was duly declared a bankrupt, and a few months thereafter obtained his discharge. At the date of the proceeding, and before, the plaintiff was indebted to Caroline Bullock by note to which the intestate was a surety, still remaining unpaid in the sum of one thousand dollars, and has become and is wholly insolvent.

The defence to the action is founded upon the continuing liability of the estate as surety for the plaintiff, and the right of the defendant to retain the indebtedness of his intestate as an indemnity against loss, an equity not displaced or impaired by the proceedings in the bankrupt court. This is the point presented in the appeal.

The surrender of the note in the schedule of the bankrupt's effects, and its designation by the assignee to be retained as exempted property of the bankrupt, may be left out of view in considering the effect of the discharge upon the relations of the parties, because the property in the note remained in the plaintiff, unchanged and unaffected by that proceeding. The act of Congress, in express terms, declares that " in no case shall the property hereby excepted pass to the assignee, or the title of the bankrupt thereto be impaired or affected by any of the provisions of this title." Rev. Stat. U. S., § 5045.

The note, remaining with the plaintiff, is undoubtedly subject to any and all equitable defences or counter-claims that existed before the commencement of the proceeding in bankruptcy, and would be available equally in an action brought by him or his assignee. But as the discharge extinguishes the liability of the plaintiff as principal on the debt, and to the action of the surety who may pay it for reimbursement upon the promise implied by their relations, so neither can the plaintiff's recovery be resisted, according

to the argument for the plaintiff, by a defence which assumes that such liability still subsists.

There can be no question that the intestate paying the debt as surety would be barred, as would the creditor herself, of any action against the discharged bankrupt, to enforce either form of liability, for the sufficient reason that he is wholly exonerated from the debt. Sec. 5070. But this principle does not apply to the facts of the present case. The contingent liability of the surety to an insolvent principal is in the view of a court of equity a debt itself, and as such a set off against an indebtedness to the principal. The note, whether retained or assigned after maturity, continues subject to the defence, and the equity of the debtor is not severed or extinguished by the discharge. It is a well settled principle that the surety to an insolvent debtor cannot be compelled to pay a debt he owes his principal, until he is relieved of the responsibility of suretyship, and may retain what he owes as a fund for his own indemnity and protection. The rule is thus settled by HENDERSON, J., in *Williams* v. *Helme*, 1 Dev. Eq., 151: "The equity of the plaintiff arises from the insolvency of Helme. The right of the latter to assign the judgment was lost when he became unable to exonerate the plaintiff from the thraldrom in which he was placed on account of the suretyship, when Helme became unable to reciprocate the act which he required Williams to perform. I do not know a plainer equity."

In like manner RUFFIN, J., in *Battle* v. *Hart*, 2 Dev. Eq., 31, declares: "The bill alleges and the answer admits that at that time Barnes was also insolvent, and the plaintiff was surety for him. Upon the direct authority of *Williams* v. *Helme*, founded on the clearest principles, the plaintiff had then the right of getting any funds of Barnes he could, and retaining them for his indemnity, and he may thus retain against an assignee in equity for value and without notice.

SCOTT *v.* TIMBERLAKE.

A surety in such a situation is a creditor, and the subsequent assignee only succeeds to his assignor's rights and subject to the equity of the surety which is prior.

The doctrine is asserted in numerous other cases. *Nelson* v. *Williams*, 2 Dev. & Bat. Eq., 118; *Mast* v. *Raper*, 81 N. C., 330; *Walker* v. *Dicks*, 80 N. C., 263. The latter case which is directly in point establishes the proposition that a surety before suffering loss may use his liabilities as such, as an equitable counter-claim or set-off against a debt he owes his insolvent principal, and this as well against the assignee of an over-due debt as against the assignor himself.

The transfer by operation of the assignment of the claim to the assignee in bankruptcy, does not obstruct or defeat this right of the debtor, and the former can only acquire such interest as the creditor then possessed, and his recovery is restricted to the excess of the sum due on the face of the note, if any, over the value of the equitable counter-claim. The discharge does not defeat an equity thus adhering to the note, and following its transfer, but operates upon the relations existing between the bankrupt and his creditor as to a further accountability for the debt. *Carr* v. *Fearington*, 63 N. C., 560; *Steadman* v. *Taylor*, 77 N. C., 134.

The fact that the note is part of the plaintiff's exempted property, of which he cannot be deprived by any coercive legal process, does not impair the debtor's right, when sued, to avail himself of his recognized equitable set-off or counter claim, for the exemption is of the excess only, and this excess is, by law, placed beyond the reach of creditors.

The point was made by *Mr. Batchelor*, and pressed with much earnestness in his argument that under section 101 of the code, no independent suit could be brought to enforce such a counter-claim, and therefore it is inadmissible to defeat an action or diminish a recovery. We do not accede to the correctness of the proposition. There are many defences, such as payment, accord and satisfaction, and the

like, which may be used to defeat, but not to sustain an action. But can no action be brought to enforce the defendant's equity ? The contrary was held in *Ferrer* v. *Barrett,* 4 Jones Eq., 455, where RUFFIN, J., uses this language in answer to a similar objection : " The demurrer rests on the position that Ransom could not maintain an action against Barrett on their original relation of principal and surety, until damnified by the payment of the debt, and by consequence, that he could not have an action against the parties on the bond given to him as a counter-security. The first part of the proposition is true in reference to an action at law ; but it is not true with respect to relief in this court. It is the established doctrine in equity that a party, after the debt has become due, may upon the plea of *quia timet* file his bill against the principal and the creditor, to compel the former to make and the latter to accept payment."

The rule applies with greater force when the creditor and principal are the same person, and the adjustment can be effected by the application of one indebtedness to the extinguishment of another between the same parties. The defendant's equity in the present case is confined to his exoneration from the plaintiff's demand, and when he pays the residue of his surety-indebtedness, he will have no redress upon the plaintiff for reimbursement, since this liability comes under the operation of the discharge.

It must be declared that there is error, and a non-suit is ordered according to the case agreed.

Error. Reversed.