SHERROD v. VASS.

(Filed March 12, 1901.)

FORECLOSURE OF MORTGAGE—*Purchase by Agent of Mortgagee.*

> Where agent of mortgagee purchases land at sale under mortgage by agreement with mortgagor, the mortgagor to have ten days in which to redeem, a purchaser from the agent acquires the land free from any trust in favor of the mortgagor.

ACTION by H. H. Sherrod against W. W. Vass, as executor of W. W. Vass, R. B. White and J. N. Perry, heard by Judge *H. R. Starbuck,* at October Term, 1900, of FRANKLIN County Superior Court. From judgment for defendants, the plaintiff appealed.

*C. M. Cooke* and *W. M. Person,* for the plaintiff.
*R. B. White, T. W. Bickett, F. S. Spruill,* and *T. B. Womack,* for the defendants.

MONTGOMERY, J. The plaintiff in March, 1889, became indebted to the testator of the defendant W. W. Vass, and to secure the debt and interest executed a mortgage to the testator upon the tract of land described in the complaint. The defendant Vass, through his agent, the defendant White, after due advertisement sold the land under the power in the mortgage on the 5th day of September, 1899. At that sale, White bid off the land, and afterwards the defendant Vass made a deed to him for the land. White afterwards made a deed to the defendant Perry to the land for a valuable consideration.

This action was brought by the plaintiff to have the sale made under the mortgage set aside and the defendant Perry declared a trustee for the benefit of the plaintiff that he might make redemption under the mortgage. The case was heard

128——4

below upon facts agreed, which are substantially the following: White bid off the land at the mortgage sale, in his own name, upon and pursuant to an agreement with the plaintiff entered into on the day of the sale, and just before the sale, that White should bid the land off at a bid equal to the mortgage debt if there should be no higher bid by any other person than the mortgage debt, and that the plaintiff should be allowed ten days after the sale within which to redeem the land by paying the debt secured by the mortgage; Vass was not present at the sale, but White was acting as his attorney; the sale was fairly conducted; and after the ten days had expired, the time was extended four days; the plaintiff failed to pay any part of the debt within the fourteen days and made no offer to do so, and on November 8, 1899, Vass the defendant, as executor, executed a deed to the land to White, by virtue of the sale under the mortgage, and White afterwards for a valuable consideration executed and delivered a deed to the land to the defendant Perry, who had notice of the agreement between the plaintiff and White. Upon the hearing below the Court adjudged that the defendant Perry was the owner in fee of the land and was entitled to the possession of the same, and the receiver should pay over to Perry the rents in his hands less his commissions.

We see no error in the judgment. The general rule, well settled in this State, is that a trustee or a mortgagee who sells property under the power conferred upon him as such trustee or mortgagee can not purchase at his own sale either directly or indirectly through an agency. The reason for the rule has been so often given in our reported cases that it is unnecessary again to state it. Such a sale is, however, not void, but voidable. But the facts of this case do not bring it within the scope of the rule. No estate in the land passed to the plaintiff Sherrod by the agreement with White at the

time of the sale under the mortgage.   Only the assent of the mortgagor was given to the bidding in of the property by White, the agent of Vass, for Vass, at a bid for an amount no greater than the mortgage debt—thus dispensing with the rule which prohibited Vass from buying at his own sale.  The time granted after the sale to the plaintiff in which to redeem was a sufficient consideration for the agreement on plaintiff's part, and was valid though in parol.   *Blount v. Carraway,* 67 N. C., 396.   No assent to the sale was necessary, for the power to sell was contained in the mortgage.   There was no fraud, and the effect of the transaction was to place the legal title in White, with the right in the plaintiff to redeem or re-acquire the land on the terms agreed upon at the mortgage sale between White and the plaintiff.   The debt was nearly ten years old, and only an insignificant payment had been made on it.   The extension of time granted by White, agent of Vass, was a favor to and not an oppression of the plaintiff, and when he failed to avail himself of the favor within the time allowed, the contract was ended.

The facts in the case of *Dawkins v. Patterson,* 83 N. C., 384, are so much like the facts in this case that we can discover no substantial difference between them, and in the application of the law to the facts there is a precedent for the application of the same principles to the facts here.

In *Joyner v. Farmer,* 78 N. C., 196, cited by the plaintiff's counsel, there is an expression somewhat conflicting with the law as declared later in *Dawkins v. Patterson, supra,* but the facts were not similar in the two cases.

Affirmed.