D. D. FEREBEE and wife and LILLIE G. BARRON v. C. L. HINTON and JOHN L. HINTON.

*Deeds— Probate—Registration—Clerk Superior Court—Jurisdiction—Evidence.*

1. In an action to impeach a deed and have its probate and registration annulled, evidence that the officer who purported to have adjudged the probate and registration had no authority to do so, is competent.

2. A Clerk of the Superior Court cannot exercise his jurisdiction to take proof of deeds, &c., outside of his own county.

3. Where both parties claim title to the land in controversy from the same source, it is not necessary for either to prove title beyond that source.

This was a CIVIL ACTION, tried before *MacRae, J.,* at Fall Term, 1888, of CAMDEN Superior Court.

The plaintiffs are the devisees of Sarah Ferebee, who executed a will in 1875, and died in 1886. They allege that the said Sarah, being of unsound mind and incompetent to transact business of any kind, was induced to sign a deed of trust, conveying the devised land to C. L. Hinton to secure certain debts due by her husband to John L. Hinton; that she was

also induced to sign notes representing said indebtedness to said John L. Hinton; " that the said indebtedness was not contracted by her for her support, or the improvement of her separate estate," and that said deed is void. Plaintiffs further allege, that at the time of signing the said deed, the said Sarah, with her husband, lived in the town of Berkeley, in the State of Virginia, and that "no *feme covert* examination or acknowledgment was ever taken upon said deed as is required by law, though the same appears upon the record as regular and according to law." They allege that said deed is a cloud upon their title, and ask that it be cancelled, and for other and further relief.

The defendants denied that the said will was operative to pass the title to the plaintiffs, and that Sarah was of unsound mind, as alleged. They admit that she was a resident of Virginia when she signed the deed, but deny that the probate of the same was improperly taken. They allege that the debt secured by said deed was in renewal of a " claim and certain indebtedness " made by Sarah and her husband with one Robert Williams, as evidenced by a certain deed of trust executed by them to said Williams on the 28th January, 1875, which said indebtedness has been assigned to said John L. Hinton. They further allege that said indebtedness has never been paid.

The following issues were submitted to the jury:

" 1. Was Sarah Ferebee of unsound mind when she executed the note and deed of trust described in the complaint ?

" 2. Was the debt secured by said deed of trust made for the benefit of Sarah Ferebee or her separate estate ?

" 3. Was the private examination of Sarah Ferebee upon the probate of said deed of trust duly had and taken ?

" 4. Are the plaintiffs the owners in fee simple of the lands described in the complaint ?"

The plaintiffs introduced the will of Jas. G. Barron, executed January 20, 1859, which gave the land in controversy

to Sarah Barron, also the will of Sarah Ferebee, executed in 1875, giving the same land to the *feme* plaintiffs.

The defendants conceded that Sarah Barron and Sarah Ferebee were one and the same person, and that the lands described in the two wills were the same in controversy.

Plaintiffs then introduced a deed of trust, together with the probate of P. G. Morrisett, with certificate of registration, from W. B. Ferebee and wife Sarah Ferebee, to C L. Hinton, trustee, dated December 15, 1885, and the defendants conceded that the lands described therein were the same described in the wills already in evidence.

Plaintiffs then introduced P. G. Morrisett, who testified that he is and was on the 15th of December, 1885, Clerk of Superior Court of Camden County, and that as such he took the private examination of Sarah Ferebee and the acknowledgment of the execution of said deed of trust, as set out in the certificate attached thereto.

The plaintiffs then proposed to show, by this witness, that the proof and examination was not taken in Camden County, N. C., as therein set out, but was in fact taken in the town of Berkeley, Va.

To this the defendants objected. The objection was overruled, and defendants excepted.

Witness then testified that, at the request of W. B. Ferebee and J. L. Hinton, he went to Berkeley, Va., the home of Mrs. Ferebee, and took the acknowledgment and examination of the parties thereto, but did not write it out and sign it until he returned to Camden County, N. C. Witness also stated that he was not a Commissioner of Affidavits nor a Notary Public resident in Virginia.

Upon cross-examination, he stated that the deed of trust and note secured by the same was for the renewal of another deed of trust and note for money loaned by one Robert Williams, on the 28th of January, 1875, and that the parties told him the same was borrowed for W. B. Ferebee's use in business in Norfolk, Va.

Plaintiffs introduced other testimony going to show the mental condition of Mrs. Sarah Ferebee on December 15, 1885, and also for whose use and benefit the money was borrowed; and after it was conceded that W. B. Ferebee had no estate by the curtesy in the lands described, the plaintiffs rested their case.

2. Defendants then offered testimony tending to controvert the facts shown by plaintiffs, and moved the Court for judgment that they go without day, on the ground that plaintiffs had not shown title out of the State. Motion overruled. Defendants excepted.

3. On the second issue, the Court instructed the jury that this being alleged by the defendants, the burden is upon them (the defendants) to satisfy the jury of the truth of the affirmative. Defendants excepted.

4. Defendants asked the Court to charge upon the third issue: " If the jury find P. G. Morrisett is the Clerk of the Superior Court of Camden County, he is the proper officer, authorized by law to take and certify the probate of deeds and other instruments requiring registration in said county, and if he went to the State of Virginia, in the town of Berkeley, and took the proof of the deed of trust dated December 15, 1885, and the private examination of Mrs. Ferebee, the same is valid, and they should find the third issue in the affirmative." The Court refused, and defendants excepted.

5. The Court charged the jury : " The facts of this transaction are admitted, and it is a question of law for the Court. It is in evidence and admitted, that the probate and private examination before the Clerk of Superior Court of this county, was not taken in this county, but in the State of Virginia. In my view of the law, the Clerk had no jurisdiction outside of his own county, and, therefore, upon the evidence, you will respond to this issue, No." Defendants excepted.

6. Defendants asked the Court to charge the jury: " That, to find the plaintiffs are the owners and entitled to the land

in dispute, they must show title out of the State, and, to do this, must show title for twenty-one years under color of title, deducing the time from May, 1861, to January, 1870. 2d. That plaintiffs have not shown color of title for "twenty-one years, by deducting the time from May, 1861, to January, 1870, and you must find the last issue, No." Refused. Defendants excepted.

7. Upon this issue the Court charged the jury: "The plaintiffs claim to be owners of the land, under the will of Mrs. Ferebee, and they show also a will of Mr. Barron, devising his land to his widow, who is admitted to be the same person as Mrs. Ferebee. The defendants claim title to the same land by the deed which is now sought to be set aside, and as both claim under Mrs. Ferebee there is no need to show title out of the State; therefore, if you believe the evidence on this point, the plaintiffs claim under Mrs. Ferebee, who held under the will of Mr. Barron, and if you have found either the first or third issues in favor of the plaintiffs, you will respond to this issue, Yes." Defendants excepted.

8. "And as I have instructed you to respond to the third issue that Mrs. Ferebee's private examination was never taken according to law, your response to the issue should be, Yes." Defendants excepted.

The jury responded to the first, second and third issues, "No," and to the fourth issue, "Yes."

Judgment for plaintiffs, and defendants appealed.

The judgment of the Court was as follows :

"Upon motion of W. B. Shaw, attorney for the plaintiffs, it is considered and adjudged that the note to J. L. Hinton and deed of trust to C. L. Hinton, dated December 15, 1885, and recorded in Book L L, page 3, in Camden County, be and the same are annulled and cancelled; and the defendants are restrained and enjoined from proceeding

to sell the said land under the said deed of trust, or in any way enforcing the collection of said note.

"It is further ordered and adjudged that this decree be enrolled arid registered in the office of Register of Deeds in Camden County."

*Mr. W. B. Shaw*, for the plaintiffs.
*Mr. E. F. Aydlett*, for the defendants.

SHEPHERD, J. (after stating the case). The first, fourth, fifth and sixth exceptions may be considered together, as they substantially involve the same question, viz.: Whether it was competent to receive testimony to impeach the probate of a deed, and whether the deed was void as to the wife, if the Clerk of the Superior Court of Camden County took her privy examination in the State of Virginia. As this was an action brought directly for the purpose of impeaching the probate, there can be no doubt as to the admissibility of the testimony. It is unnecessary to cite authority in support of such a plain proposition. As to the other point, it is equally clear that the Clerk had no jurisdiction when he took the privy examination in the State of Virginia. The case of *Young* v. *Jackson*, 92 N. C., 144, cited by the appellant's counsel, has no application to the facts before us. It simply decides, that "the acts of 1868–'69, requiring the certificate of the Probate Judge of a county other than the county of registration, to be passed on by the Probate Judge of the latter county, is directory only."

The second, sixth and seventh exceptions involve the correctness of the principles embraced in the charge, that "the defendants claim title to the same land by the deed which is now sought to be set aside, and as both claim under Mrs. Ferebee there is no need to show title out of the State." This instruction is so manifestly correct that it is needless to cite, in support of it, any of the numerous authorities in our

State.   The third and remaining exception, as to the burden of proof, like all the others, is clearly untenable.   We think, however, that the judgment is erroneous, in that it directs the cancellation of the deed and notes.   These remain effective so far as the husband, W. B. Ferebee, is individu-ally concerned.

The judgment should be corrected, so as to declare the notes and deeds inoperative only as to Sarah and her real and personal representatives.     *Ware* v. *Nesbit,* 94 N. C., 664.

Modified and affirmed.