ELIZABETH DIXON, Administratrix of J. P. Dixon, v. W. E. ROBBINS AND WIFE.

*Mortgage—Privy Examination of Wife of Mortgagor—Mortgage of Land Without Joinder of Wife of Mortgagor—Homestead.*

1. The privy examination of a wife, as to the execution by her of a deed, taken in one county by a Justice of the Peace resident in another county, is invalid.

2. The privy examination of a wife of a grantor of land is not necessary to bar the contingent right of dower in land where the marriage took place in 1857 and the land was acquired in 1861.

3. A mortgage of lands by one indebted at the time bars any homestead right therein without the joinder and privy examination of the wife, if the homestead had not been allotted and there were no docketed judgments upon which the homestead could be allotted.

ACTION to foreclose a mortgage, tried before *Hoke, J.,* and a jury, at Fall Term, 1893, of WILSON Superior Court.

The defendants resisted the sale of the lands conveyed in the mortgage upon the ground that the conveyance was inoperative because the wife did not join in the same.

In response to the issues submitted on the trial the jury found that the homestead in the lands had not been allotted when the mortgage was made; that the male defendant was then embarrassed with debts which he has not paid off; that there was one docketed judgment against him at the time which is now held by the plaintiff, who offers to cancel the same; that the defendants were married in 1857, and that one of the two tracts of land conveyed in the mortgage was acquired in 1861, and the other in 1880; and that the Justice of the Peace who took in Nash county the privy examination of the wife as to the execution by her of the mortgage was a resident and Justice of the Peace of Edgecombe county.

Judgment was rendered against both the defendants for the sum demanded in the complaint and for the sale of the lands—the tract acquired in 1861 to be sold free from any claim of homestead, and that acquired in 1880 to be sold subject to the contingent right of dower of the *feme* defendant. From this judgment the defendants appealed.

*Mr. D. Worthington,* for defendants (appellants).
No counsel *contra.*

CLARK, J.: The privy examination of the wife taken in Nash county before a Justice of the Peace of Edgecombe was invalid. *Williams* v. *Kerr,* 113 N. C., 306, *Ferebee* v. *Hinton,* 102 N. C., 99. The sixty-five-acre tract of land was acquired in 1861, and the fifty-acre tract in 1880, while the marriage was in 1857. His Honor properly held that no privy examination was necessary to bar the contingent right of dower as to the first tract, and that as to the latter the sale under foreclosure was to be made subject to such contingent right. *Castlebury* v. *Maynard,* 95 N. C., 281. The homestead had not been allotted in these lands when the

mortgage was made, hence the wife's joinder in the deed was not necessary to bar the homestead right therein, although the grantor was indebted at the time. *Hughes* v. *Hodges*, 102 N. C., 236. It is true that decision holds that the conveyance to bar homestead would not be good without the wife's signature and privy examination when there was a docketed judgment upon which the homestead could be allotted, but here the only docketed judgment, when the mortgage was executed, is held by the mortgagee, the plaintiff in this action, who offers on the trial to cancel said judgment. It was doubtless merely an inadvertence that judgment was rendered against the wife personally for the amount of the debt. *Pippen* v. *Wesson*, 74 N. C., 437. In that respect the judgment must be modified.

Modified and Affirmed.