Nash, J.
 

 The parties have, unfortunately for their interests, considered the marriage settlement as a mere deed of trust, and accordingly had it proved before the Clerk of Craven County Court, under the provisions of the 25th sec. of the 37th ch. Rev. Stat. That section gives the Clerks of the several County Courts full power and authority to take the probate or acknowledgment of all deeds of trust and mortgages, at any time. This became necessary, in consequence of the preceding section having limited the legal operation of such deeds, as to creditors, to their registration, and, wheu
 
 *520
 
 registered they have, and can have, no relation back. Great injustice, it was evident, must be done to persons endeavoring to secure their debts in this way, if they were compelled to gQ pefore a jucjgg or wait the regular terms of the several Courts, before they could have deeds registered. To- make the law .consistent, the 25th section was incorporated into the Act. ’The deeds of trust therein mentioned are such only, as a.re intended as securities for debts, in the nature of mortgages, with power to sell. The deed we are considering, ■ though a deed of trust, is not one for the securing of a debt, and is not embraced in that section, as is evident from the Act itself.— In the 29th section, provision is made for the probate and registration of marriage settlements. By it, all marriage settlements and other marriage contracts, whereby any money or .other estate is secured to the wife or husband, are directed to be proved in the same manner, as other deeds, within six months after the making thereof, and registered within one month thereafter, and it declares all such contracts and settlements, not so proved and registered, void as against creditors. It is manifest, the Legislature intended in the 25 th section to create a.special tribunal, for taking the probate of the deeds therein mentioned, and as to marriage contracts and settlements, they are left, as to their
 
 mode
 
 of probate, to the general laws upon the subject of probate of deeds. That is, they must be proved, either before a Judge-of the Superior or-Supreme Court, or in a Court of Record. The case of
 
 Saunders
 
 v.
 
 Ferrill,
 
 1st. Ired. 101, is full authority in this case.— The probate before Mr. Stanly, the Clerk of Craven County Court, was of no effect in law, and his fiat did not authorize the registration.
 
 Not
 
 until December 1842, -was the deed properly proved, and registered, and this was near two years after its execution. It may be, that the registration of the deed, under the probate before the Clerk was calculated to give as full notice, as if it had been under a probate before a Judge of the Superior or Supreme Court, at his chambers, but the Legislature has thought otherwise. They have pointed out ■the manner, in which public notice shall be given. We have
 
 *521
 
 no power or authority, to depart from that mode. To do so would be to legislate and not adjudicate. We have no discretion in the matter; an unauthorized registration is not qven notice.
 
 Latouche
 
 v.
 
 Duhany,
 
 Sch. & Le Froy. 137,
 
 Frost v.
 
 Bucknam, 1 Johns, ch. 288, and notice, as to creditors, in this Court, would be of no effect.
 
 Davidson
 
 v.
 
 Cowan,
 
 1 Dev. Eq. 470. The marriage settlement is void as the creditors of James Shackleford, and the slaves therein conveyed to the plaintiff are liable to his debts.
 

 Pek Curiam, Judgment affirmed.