JOHN T. GREGORY Executor, v. BENJAMIN F. ELLIS and others.

*Jurisdiction—Wills, probate of—Executors.*

1. The rule that no judge shall exercise his powers as such in a case in which he is interested is of universal application; *Hence* where the probate judge of Halifax county undertook to pass upon a petition filed by himself as executor for license to sell land for assets, and the judge of the superior court dismissed the proceeding; *Held* to be no error.

2. Where a testator appointed the probate judge of his county his executor, and the probate of the will was had in an adjoining county by order of the judge of the superior court, the probate judge of the latter county thereby acquires jurisdiction to hear and determine all other proceedings necessary to a final administration of the estate.

(Jurisdiction of judges of probate under Bat. Rev., ch. 90; discussed by DILLARD, J.)

SPECIAL PROCEEDING to sell Land for Assets commenced in the probate court of HALIFAX on the 15th of December, 1879, and heard at Chambers before *Seymour, J.*

The plaintiff is clerk of the superior court and probate judge of Halifax county, and as executor of his testator filed a petition in said probate court to sell land for assets to pay debts. The defendants moved to dismiss the proceeding, for that, the plaintiff being the judge of the court had no jurisdiction to hear a case in which he was interested. The motion was overruled and the defendants appealed to the judge of the superior court who reversed the decision and allowed the motion, from which ruling the plaintiff appealed.

*Messrs. Mullen & Moore,* for plaintiff.
*Mr. Thos. N. Hill,* for defendants.

DILLARD, J. George W. Owens domiciled in Halifax county, left at his death a will, wherein John T. Gregory was named.

the executor, and being under disqualification to act as probate judge in the matter of the proving and admitting the will to record, by order of the judge of the district the probate was had before the probate judge of the adjacent county of Northampton.

Afterwards in the course of the administration of the estate, the plaintiff as executor presented a petition for license to sell land for assets to pay debts in the probate court of Halifax of which he was the judge, and from the ruling of the plaintiff acting as probate judge on the objection to his competency to decree a sale, an appeal was taken to the superior court and from the judgment of the superior court an appeal is taken to this court.

The point presented by this appeal is as to the jurisdiction of John T. Gregory in his character as probate judge to decree upon the petition of himself as executor praying a license to sell the lands of his testator.

Under the fundamental maxim that no one ought to be judge in his own cause, if we had no statute law upon the subject, no judge whether probate or other could take jurisdiction of any cause wherein he was a party or otherwise had a pecuniary interest. This principle is of universal application as a rule of the common law and subject thereto must be the exercise of all the powers of a judge. Broom's Legal Maxims, 118; 1 Hopkins Ch. Rep., 1; 2 Strange's Rep., 1,173.

In accordance with this principle, in every grant of jurisdiction, it is always to be understood that the powers conferred are limited by the tacit exception that the judge is not to decide his own cause. This rests on the policy of having the judicial tribunals free from every temptation to wrong as far as may be possible and to have its decisions above suspicion, and such as to command respect. So sacred is this exclusion of jurisdiction in causes where the same person is suitor and judge, that by common consent no judge

can, if he would, act in a cause in which he is interested; and if he do, that his judgments ought not to stand, and any statute in terms conferring the power to act in such cases would be void. Cooley Const. Lim., 175; Hobart's Reports, 212.

In the view taken by us of the point presented for our determination, it is not necessary that we inquire and decide in this case whether this inflexible principle in its extent embraces the proposed exercise of jurisdiction by the probate judge of Halifax county, as we are of opinion that the statutes on the subject of the probate of wills in connection with others *in pari materia* settle the question as ruled by His Honor in the court below.

In Bat. Rev., ch. 90, § 2, the jurisdiction of a judge of probate is defined, and among the powers granted is the power to take proof of wills and grant letters testamentary or of administration, and in section three of the same chapter a prohibition to act as such is put on him in relation to any estate or proceeding in the following among other specified instances: He is disqualified to act if he has or claims to have an interest by distribution, by will, or as creditor or otherwise, and by the 4th sub-division of section three, he is disqualified if he or his wife is named executor or trustee in any testamentary or other paper, with a cessation of the disqualification in the case when the will or other paper is admitted to or refused probate in another probate court, or before the judge of the superior court.

Taking sub-division 4 of section three in connection with sub-division 1 of the same section, the removal of the disqualification on probate had in another probate court, or before the judge of the superior court, is to be taken as restricted and limited by the disqualifying causes of interest as distributee, legatee or *otherwise* as expressed in the 1st sub-division. It cannot be that probate of a will in another court in case the probate judge is the executor, will render

him competent to act in all proceedings ulterior to the probate of the will in case he be interested as legatee or as a creditor. If it be so held, then the probate before another probate judge will let in the executor to make and pass upon all his annual returns, on all applications for license to sell real estate, and finally to audit and settle his final account; and thus the prohibition to act as provided in the statute will be completely nullified and the executor will be at liberty to adjudicate on a matter of interest to himself contrary to the maxim of the common law and the express provision of subdivision 1 of section three.

To show that our construction of the statute in question is correct, we will call attention to the fact that in subdivision 6 of section three, it is provided that in case of the probate of a will and qualification of an executor *before his election* to the office of probate judge, all the proceedings are to be had before the judge of the superior court. And yet if the construction contended for by the plaintiff in this case be true, he having become executor *after his election* was disabled to act as probate judge only in the matter of probating the will and in no ulterior proceeding. No reason occurs to us why a disqualification for interest should exist when the probate judge became executor before his election and not when he became executor after his election. In this case it is true the plaintiff does not appear to have any interest as distributee, legatee, or as creditor, but he has the interest of commissions and also in the fact of putting on the record his accounts audited by himself, having the legal effect of *prima facie* evidence of correctness as prescribed in C. C. P., § 478. We hold therefore that by statute, the will having been probated in the probate court of Northampton by order of the judge of the superior court, the plaintiff did not thereupon become competent to decree as probate judge on his petition as executor for a license to sell land.

This construction in our opinion does not deprive the

plaintiff of all remedy to have the license prayed for. The prohibition to act as probate judge when interested extends as we have seen to any act *in relation to the estate* and by sub-division 5 of section three, chapter 90, authority is given the judge of the superior court in such cases to remove the proceedings to the probate judge of an adjoining county in the same district. The order of the judge in the case of the probate of the will of plaintiff's testator had the effect not only to remove the probate of the will to the probate court of Northampton county, but also to draw to it jurisdiction to hear and decree upon plaintiff's petition for license to sell, and also all accountings, the final settlement, and application of the estate according to the will.

There is no error. The judgment of the superior court is affirmed and this will be certified to the end that proceedings may be had for the sale of land for assets in conformity to this opinion.

No error.                                        Affirmed.