*J. A. WHITE v. J. B. CONNELLY et al.

*Clerk—Mortgage—Deed and Probate of—Registration*

1. When the Clerk of the Superior Court, upon the certificate of the acknowledgment of a grantor in a conveyance, or of proof of its execution, and privy examination of a married woman by a Justice of the Peace, adjudges such certificate to be in due form, admits the instrument to probate, and orders its registration, this is the exercise of a judicial function, which cannot be delegated to a deputy, nor exercised by the Clerk as to an instrument to which he is a party.

2. Hence, when the Clerk, who is the grantor in a deed of trust, acknowledges the execution of the same before a Justice of the Peace, who also takes the privy examination of grantor's wife, and the Clerk adjudges the certificate made by the Justice of such acknowledgment and privy examination to be in due form, admits the instrument to probate and orders registration : *Held*, that such registration is without legal warrant, and invalid as to third parties.

* Head-notes by CLARK, J.

This was a CIVIL ACTION, upon a case agreed, tried before *Connor*, *J.*, at November Term, 1889, of IREDELL Superior Court.

The case is stated in the opinion.

*Messrs. W. M. Robbins; B. F. Long, H. Bingham, L. C. Caldwell* and *C. H. Armfield*, for the plaintiffs.

*Messrs. D. M. Furches* and *A. L. Coble*, for the defendant.

CLARK, J.: The defendant J. B. Connelly, who was, at that time, Clerk in the Superior Court of Iredell, executed a deed in trust on the property therein named to defendant Davidson, trustee, to secure certain indebtedness. The deed of trust was duly acknowledged on the 23d day of August, 1888, before P. Tomlinson, Esq., a Justice of the Peace, by said Connelly and his wife, and her private examination certified by him, and on the same day the same was certified to be in due form of law and ordered to be registered by J. B. Connelly, the Clerk of the Superior Court of Iredell County, and was registered in the office of the Register of Deeds of Iredell, on the day aforesaid.

On the 11th of September, 1888, the plaintiff caused a warrant of attachment to be levied upon property covered by aforesaid deed of trust. On the 13th day of September, 1888, aforesaid certificate of P. Tomlinson was certified to be in due form of law by J. H. Hill, Clerk of the Superior Court of Iredell County, and on the same day, to-wit, the 13th day of September, 1888, was registered in the office of the Register of Deeds of Iredell County.

The attachment proceedings and levy are admitted to be valid. The only question raised for our consideration is whether the plaintiff acquired thereby a priority over the trustee in said deed, or whether the admitting to probate and order of registration by defendant Connelly (as Clerk) of the deed in which he was grantor, on August 23d, was

valid. As the law formerly stood, the acknowledgment of the grantor, or proof of execution by him, and privy examination of the wife, was had before the officer or Court having power to probate the instrument and order its registration. (Rev. Code, ch. 37, § 2.) When the grantor or subscribing witness resided out of the State, a commission issued to take the acknowledgment of the grantor, or examination of the subscribing witness or privy examination of the *feme covert*. *Ibid*, § 4. If the *feme covert* did not reside in the county, or, if living therein, was too aged or infirm to travel to the Judge or Court, a similar commission issued to take her privy examination. *Ibid*, § 9. Upon the certificate of the commissioner in these cases, the Court adjudged whether the certificate was in due form, admitted the instrument to probate, and ordered its registration.

Owing to inconvenience to parties of travelling to the county town to acknowledge the execution of every instrument requiring registration, and of requiring special commissions to take the examination in lieu thereof, the Acts of 1876–'77, ch. 161, authorized the acknowledgment and privy examination to be taken before a Justice of the Peace. Section 2 of the Act required his certificate to be "adjudged correct and sufficient" by the Clerk. Similar acts have done away with the necessity, in most cases, of appointing special commissioners when the grantor or subscribing witness resides out of the State, by designating the officers who are authorized to take the acknowledgment or proof of execution. *The Code*, § 1246 (3). These acts do not confer upon the Justice of the Peace, nor on the non-resident official, probate powers. They are merely substituted for the special commissioners, formerly required to be appointed on application. Like such commissioners, they make a certificate of the acknowledgment or proof had before them, and thereupon the Clerk, as the Probate Court, if in due form, admits to probate the instrument and orders it to registration. The

language (*The Code*, § 1246 (1)) is, that on exhibition of the instrument and such certificate thereon to the Clerk, if in due form, it "shall be admitted by him to probate and ordered to be registered." Admitting to probate is a judicial act. It passes upon more than the certificate being in due form. Its being in due form is a prerequisite. If the certificate is not so found, the instrument is rejected. If the certificate is adjudged in due form, then the Clerk admits to probate, *i. e*, probates it, passes upon the certificate as furnishing proof of execution, adjudges as to the genuineness of the certificate, the authority of the officer, and whether the Justice or officer certifying is such, and the sufficiency of proof as certified. These are the functions of a Probate Court, and cannot be delegated to a deputy. This case differs from *Holmes* v. *Marshall*, 72 N. C., 37, and *Young* v. *Jackson*, 92 N. C., 144, in that there the Probate Judge of an adjoining county had probate powers, and his adjudication was held sufficient to pass the deed to registration in the county where the land lay, without being passed on by the Clerk in the latter county, the requirement to that effect being merely directory and not essential, the deed having been already "admitted to probate" The statute, however, does not vest any probate powers in the Justice of the Peace, and there is no legislative intent indicated to allow him to probate deeds and order them to registration, which would be the case if the probate of the Clerk was merely directory and could be dispensed with, for "the power to take probate naturally carries with it, as an incident, the power to order registration," says RODMAN, J., in *Holmes* v. *Marshall, supra*. This distinction is clearly pointed out by DAVIS, J., in *Evans* v. *Etheridge*, 99 N. C., 43. "Where the evidence is offered to the Court, the entire probate is taken by it, but where the agency of a commissioner is resorted to, a part of this probate, *i. e.*, hearing the evidence, is taken by him and certified to the Court, and thereupon the probate is perfected by

an adjudication that the certificate is in due form, and that *the fact of the execution of the deed is established* by the evidence so certified. The Clerk alone can both hear the evidence and adjudicate. This is mandatory. A registration without this adjudication by a Clerk does not create such an equity in the mortgagee, trustee, as affects creditors or subsequent purchasers for value."

The Justice of the Peace, like the commissioner of deeds in that case, merely serves the purpose of the special commissioner to take and certify the acknowledgement and proof under the former law.

This case differs also from *Jackson* v. *Buchanan*, 89 N. C., 74, and *Evans* v. *Etheridge*, 96 N. C., 42, which hold that issuing a warrant in attachment, or an order for seizure of property in claim and delivery, are ministerial acts, and can, therefore, be performed by a deputy, or even by the Clerk, in a case to which he is a party. In the latter case, the Court gives as a reason that thereby the officer settles and adjudicates upon no right, but ministerially as Clerk or agent of the Court, and expressly notes that, in probate matters, the Clerk acts, judicially, as Probate Judge, and is prohibited from acting on matters in which he has an interest.

The act of "admitting to probate" being a judicial act, the Clerk was prohibited from acting on the deed of trust in which he was grantor. *The Code*, § 104 (4), provides that no Clerk can act as to any proceeding "if he or his wife is a party or a subscribing witness to any deed or conveyance." This is not contradicted by the unrestricted powers of probate conferred on the Clerk by section 1246, as that section is to be construed in connection with section 104, and, even if the latter was not enacted, the grant of powers would be subject to the exception that no one can be judge in his own case. *Barlow* v. *Norfleet*, 72 N. C., 535; *Barnes* v. *Lewis*, 73 N. C., 138; *Gregory* v. *Ellis*, 82 N. C., 225; Broom's Legal

Maxims, 118; *Day* v. *Savage,* Hobart's Reports, 212; 2 Strange, 1173.

The common law forbade a man being the judge of his own cause, as "if an act of Parliament give a man power to try all causes that arise within his manor of dale; yet, if a cause should arise in which he himself is a party, the act is construed not to extend to that, because it is unreasonable that any man should determine his own quarrel." 1 Blackstone, 91.

"There is also a maxim of law regarding judicial action which may have an important bearing upon the constitutional validity of judgments in some cases. No one ought to be a judge in his own cause; and so inflexible, and so manifestly just is this rule, that Lord COKE has laid it down, that 'even an act of Parliament made against natural equity, as to make a man a judge in his own case, is void in itself; for *jura naturæ sunt immutabilia* and they are *leges legum.*'

"This maxim applies in all cases where judicial functions are to be exercised, and excludes all who are interested, however remotely, from taking part in their exercise.

"It is not left to the discretion of a Judge, or to his sense of decency, to decide whether he shall act or not; all his powers are subject to this absolute limitation; and when his own rights are in question, he has no authority to determine the cause. Accordingly, where the Lord Chancellor, who was a share-holder in a company in whose favor the Vice-Chancellor had rendered a decree, affirmed this decree, the House of Lords reversed the decree on this ground, Lord CAMPBELL observing, 'It is of the last importance, that the maxim that 'no man is to be a judge in his own cause,' should be held sacred. And that is not to be confined to a cause in which he is a party, but applies to a cause in which he has an interest.' 'We have again and again set aside proceedings in inferior tribunals, because an individual who had an interest took part in the decision. And it will have

a most salutary effect on those tribunals, when it is known that this high Court of last resort in a case in which the Lord Chancellor of England had an interest, considered that his decree, on this account, a decree not according to law, and should be set aside.'

"This will be a lesson to all inferior tribunals, to take care not only that in their decrees they are not influenced by their personal interest, but to avoid the appearance of laboring under such an influence." *Dimers* v. *Grand Junction Canal*, 3 House of Lords Cases, 759; Cooley's Cons. Lim., 410–11; Coke Lit., § 212.

*The Code*, § 105, allows a waiver of the disqualification, if made in writing. It is agreed, as a fact, that there was not such waiver here; besides, it could not avail unless the opposing parties were present when it was made, and capable of objecting. *Barlow* v. *Norfleet*, 72 N. C., 535. The registration being without due probate to warrant it, is ineffectual to pass title against creditors or subsequent purchasers for value. *Todd* v. *Outlaw*, 79 N. C., 235; *DeCourcy* v. *Barr*, Busb. Eq., 181; *Duke* v. *Markham*, at this term. It is contended, however, that the probate not being conclusive, its total invalidity ought not to prejudice a party claiming under it. It is true the probate can be attacked collaterally, still a valid probate is essential as a prerequisite to a registration. "It is an *ex parte* ascertainment by authority of law, that the instrument registered is authentic, and to be so treated by all persons affected by it, until in some proper way the contrary is made to appear." *Young* v. *Jackson*, 92 N. C , 144.

It is further contended that chapter 252, Acts 1889, amending *The Code*, § 1260, and validating the probate of instruments in cases where Clerks and others have mistaken their powers, cures the defect here. The power of the Legislature to pass such curative statutes in general is unquestionable. *Tatom* v. *White*, 95 N. C., 453. The statute in question has been considered at this term in *Freeman* v. *Person*, and it is

there held that it cannot be construed to validate the probate of an officer in regard to a matter in which he or his wife was a party.

Our conclusion, therefore, is that the attempted act of admitting to probate, upon the certificate of a Justice of the Peace, by the defendant Connelly, as Clerk of the Court, of a deed in trust, wherein he was grantor, was invalid and ineffectual to pass title as against creditors and purchasers for value, and the attachment in favor of plaintiff having been levied on the property embraced in the deed prior to the re-registration thereof upon a probate by another Clerk, the plaintiff has acquired a lien which has priority over the trustee.

Error.