J. H. LONG, Trustee, v. J. A. CREWS et al.

*Acknowledgment of Deed—Officer Disqualified by Interest— Invalid Probate and Registration—Evidence.*

1. An acknowledgment of a deed, taken before a Justice of the Peace, Commissioner or Notary Public, is a judicial, or at least a *quasi* judicial act, and if such officer is not authorized to take it, the probate upon it by the Clerk and registration are invalid as against creditors and purchasers.

2. An officer who is interested in a deed, either as a party, trustee or *cestui que trust*, is disqualified to take acknowledgment of its execution: therefore,

3. Where a Notary Public was interested in a deed of trust as a preferred creditor therein, he was disqualified to take the acknowledgment, and his attempted action was a nullity, and such defect could not be cured by probate upon such acknowledgment before the Clerk and registration.

CIVIL ACTION, tried at July Term, 1893, of GRANVILLE Superior Court before *Brown, J.*

The following issues were framed:

1. Is the plaintiff the owner and entitled to the possession of the property described in the complaint?

2. What damage has the plaintiff sustained by the unlawful taking of the said property by defendants, or either of them?

The plaintiff offered the following evidence:

A deed from R. H. McGuire and wife to J. H. Long, trustee, November 28, 1892; recorded in Book 47, page 290.

It was admitted that B. S. Royster, who probated this deed as Notary Public, was the same B. S. Royster who was a preferred creditor for $272, and who was also named as attorney and preferred for $100 in said deed.

No notarial seal was copied in the record book. The original deed was not offered. Upon objection by the defendants

LONG v. CREWS.

the said deed in trust appearing upon the registration book was excluded, and the plaintiff excepted. Upon this ruling of the Court, the plaintiff submitted to a nonsuit and appealed, offering no other evidence.

*Messrs. Batchelor & Devereux, Graham, Royster* and *Edwards,* for plaintiff (appellant).
*Messrs. Strong & Strong,* for defendants.

CLARK, J.: In this State it is settled law that an acknowledgment of a deed by the husband and privy examination of the wife taken before a Justice of the Peace, Commissioner or Notary, is a judicial, or at least a *quasi* judicial act, and if such officer is not authorized to take it, the probate upon it by the Clerk and registration is invalid as against creditors and purchasers. This was laid down by PEARSON, J., in the leading case of *Decourcy* v. *Barr,* 45 N. C., 181, in which a Commissioner of Deeds for this State in another State took the examination of a resident of this State temporarily absent from it. The probate and registration, based upon said defective acknowledgment, were held invalid. Though the statute in this special particular was changed by *The Code,* § 632 (*Buggy Co.* v. *Pegram,* 102 N. C., 540), the principle has been since followed in *Todd* v. *Outlaw,* 79 N. C., 235; *Duke* v. *Markham,* 105 N. C., 131, and many other cases. In *Ferebee* v. *Hinton,* 102 N. C., 99, it was held by SHEPHERD, J., that an acknowledgment before a Clerk of the county where the land lay, taken outside of the State, rendered the registration invalid. The registration upon an acknowledgment before an officer not authorized to take it, is not even notice to creditors and subsequent purchasers. *Robinson* v. *Willoughby,* 70 N. C., 358; *Smith* v. *Castrix,* 27 N. C., 518. And there are other cases. The plaintiff relied on *Darden* v. *Steamboat Co.,* 107 N. C., 437, and *Perry* v. *Bragg,* 111 N. C., 159. In the first, the head-note is misleading, unless care-

17

fully read, for the case shows that the deeds were in fact acknowledged in the county where the grantors resided. In the latter, the point was taken that the deed was improperly acknowledged before the Clerk of Franklin, when the grantor resided in Granville, but it did not appear in the facts agreed that the land might not be situated in Franklin, and the case went off on other points.

It is true these were all·cases where the registration and probate were insufficient because the acknowledgment was made before an officer, by reason of his locality, not authorized or acting outside of his local jurisdiction, and the ruling is sustained by ample authority elsewhere. 1 Am. and Eng. Enc., 146, note 2, and 1 Devlin on Deeds, sections 487 and 488, with cases cited. The curative acts (1889, ch. 252, and 1893, ch. 293) are legislative recognitions of the prior defect of jurisdiction in taking acknowledgments. But exactly the same principle still applies where the officer taking the acknowledgment is disqualified, not (as above) by not acting within the authorized locality, but by reason of his interest in the deed, either as party, trustee or *cestui que trust.* 1 Devlin on Deeds, sec. 476, and cases there cited. In both cases alike the acknowledgment is taken, so to speak, *coram non judice,* and cannot authorize probate by the Clerk and registration. *Beaman* v. *Whitney,* 20 Me., 413; *Groesbeck·* v. *Seely,* 13 Mich., 329; *Davis* v. *Beasley,* 75 Va., 491; *Bowden* v. *Parrish,* 86 Va., 67; *Brown* v. *Moore,* 38 Texas, 645; *Wasson* v. *Connor,* 54 Miss., 351; *Withers* v. *Baird,* 32 Am. Dec., 754, and notes; 1 Am. and Eng. Enc., 145, n. 6; 16 Am. and Eng. Enc., 775. The Act of 1885, ch. 147, places deeds on the same footing as to registration as mortgages and deeds of trust were on under *The Code,* § 1254.

The attempted acknowledgment of the deed in trust before a Notary Public, who was a preferred creditor therein, was before an officer disqualified to act, and hence a nullity. It could not be cured by probate upon such acknowledgment

before the Clerk and registration.   *White* v. *Connelly*, 105
N. C., 65; *Freeman* v. *Person*, 106 N. C., 251.   The deed was
properly excluded.                                        No Error.