J. A. McALLISTER, Receiver &c., v. CHARLES A. PURCELL and
wife, MATTIE PURCELL.

(Decided March 28, 1899).

*Mortgage, First and Second—Probate before a Relative of
the Mortgagor.*

·1. Probate and private examination taken before an officer are not
 invalid simply because he is related to the parties.

2. Such proceeding is not adversary, and is in the nature of declar-
 ations against the interest of the relatives making them.

CIVIL ACTION, for foreclosure of mortgage, tried before
*Allen, J.,* at Spring Term, 1898, of ROBESON Superior
Court.

The defendants executed their land mortgage deed to the
plaintiff, J. A. McAllister, receiver, on December 22, 1884,
to secure an indebtedness therein mentioned. The probate
of acknowledgment of the mortgagors and privy examina-
tion of the *feme* defendant was taken before J. E. Purcell,
Esq., a Justice of the Peace of Robeson County, who is a
brother of defendant Charles A. Purcell. His certificate
was adjudged by the Clerk to be in due form of law, and
the deed was ordered to be recorded, and it was recorded
December 23, 1884.

While this proceeding for foreclosure of this mortgage was
pending, the defendants executed another mortgage on
March 26, 1897, to Worth & Worth, to secure them a debt
mentioned therein, on the same land embraced in the pre-
vious mortgage to the plaintiff. This second mortgage was
duly proved and registered April 13, 1897.

On proper affidavit and order Worth & Worth were made
parties plaintiffs to the action for foreclosure brought by

McAllister, receiver, and filed their complaint, asking for a foreclosure of their mortgage, and that it be declared a first lien on the land included in both mortgages, alleging that the probate of the first mortgage was invalid because taken before a Justice of the Peace, who was a brother of the mortgagor Charles A. Purcell. It was adjudged by the Court that the plaintiffs, Worth & Worth, have leave to foreclose their mortgage, in subordination, however, to the prior mortgage of McAllister, receiver. It was further adjudged by the Court, that the motion of Worth & Worth to have their mortgage, executed by the defendants, declared a prior lien on the lands therein set out, be denied.

To this ruling Worth & Worth excepted and appealed.

*Mr. A. W. McLean,* for appellants.
*Messrs. Proctor & McIntyre* and *Shepherd & Busbee,* for appellee.

CLARK, J. The plaintiffs' mortgage was executed in 1884 and duly registered. An interlocutory decree of foreclosure thereon was entered in this action in 1890, but before sale made the defendants executed a second mortgage to Worth & Worth, in 1897, who are made parties defendant and plead that they should be preferred in the decree of foreclosure by reason of the fact (which is admitted) that the Justice of the Peace who took the acknowledgment of Purcell, the mortgagor, and the privy examination of his wife, was the brother of Purcell. Whether this made the registration of the first mortgage taken upon such acknowledgment and privy examination void, is the vital question in this case, for if it did, no notice of the first unregistered mortgage, however full and explicit (*Quinnerly v. Quinnerly,* 114 N. C., 145) would bind the second mortgagee,

and the interlocutory judgment of foreclosure was effective therefore only as between the parties thereto.

In *While v. Connelly,* 105 N. C., 72, *Turner v. Connelly, Ibid,* 72, and *Freeman v. Person,* 106 N. C., 253, it was held that by virtue of The Code, section 104 (3) the probate of a deed by a Clerk of the Court, though upon an acknowledgment and privy examination taken by a Justice of the Peace, is void, if the Clerk or his wife is a party to the deed or a subscribing witness thereto.

*Long v. Crews,* 113 N. C., 256, holds that an acknowledgment and privy examination taken before a Justice of the Peace is a judicial, or at least, a *quasi* judicial act, and cites numerous cases where probate and registration were void because based upon an acknowledgment and privy examination before an officer who by reason of his locality had no power to take them. This was a defect apparent upon the face of the record. *Long v. Crews* went further and held that the same principle invalidated an acknowledgment and privy examination before an officer who was a party, trustee or *cestui que trust* in the deed. The decisions have carried the doctrine no further. Here, neither the probate nor the acknowledgment and privy examination was had before an officer who was either party, trustee or *cestui que trust* in the deed, and the Justice of the Peace and the grantors resided within the county in which the acknowledgment and privy examination were taken, as was provided by The Code, section 1246 (1), and if there had been defects in the last regard it was remedied by the curative Acts (1891, Ch. 12, and 1893, Ch. 293) before the second mortgage was executed. *Williams v. Kerr,* 113 N. C., 306; *Barrett v. Barrett,* 120 N. C., 127.

There is no principle of law, nor precedent, which invalidates an acknowledgment and privy examination taken be-

fore an officer who has neither any interest in the instrument nor is a party thereto, simply because he is related to the parties. Such proceeding is not advisory, and the acknowledgment and privy examination are in the nature of declarations against interest of the relatives making them. The persons claiming thereunder are strangers. Certainly an officer can administer an oath to a relative in an *ex parte* proceeding in which the officer is neither a party nor interested, and this is of no higher dignity. While propriety might discourage an officer taking acknowledgment and privy examination of instruments where the parties thereto are nearly related to him, there is no illegality attaching to his action.

The Court below properly adjudged that in the decree of foreclosure the second mortgage must be subordinate to the first mortgage.

Affirmed.