B. BLANTON & CO., D. B. F. SUTTLE and C. M. WEATHERS v. J. B.
    BOSTIC, T. P. CRAWFORD, and D. D. SUTTLE and Wife,
        M. J. SUTTLE, and D. D. SUTTLE, Administrator of
                    E. H. Wright *et al.*

(Decided April 24, 1900.)

*Deed in Trust to Secure Sureties—Surety, not Secured, is
    a Party in Interest—Acknowledgment and Privy Ex-
    amination Taken by Party in Interest—Renewal Notes
    —Power of Referee to Allow Amendment of Pleadings,
    Code, Section 422—Right of Subrogation of Omitted
    Surety and of Payees in the Note Secured—Release by
    Secured Sureties, Effect of—Probate Before Disquali-
    fied Officer—Void Registration—Subsequent Purcha-
    sers—Grantee with Notice of Defective Acknowledg-
    ment or Probate.*

1. If the disqualification of either the probating or acknowledging officer
    appears upon the face of the record, the registration is a nullity
    as to subsequent purchasers and incumbrancers.

2. But when the incapacity of the acknowledging or probating officer
    is latent, i. e., does not appear upon the record, one who takes
    under the grantee in such instrument gets a good title, unless
    the party claiming the benefit of the defective acknowledgment
    or probate is "cognizant of the facts."

CIVIL ACTION in nature of suit in equity for subrogation,
heard before *McNeill, J.,* at Fall Term, 1899, of Superior
Court of BUNCOMBE County on exceptions to referee's report.

On January 4, 1890, the defendant D. D. Suttle became
indebted to H. D. Lee & Co., by note, in the sum of $1,818,
to C. M. Weathers in sum of $1,188.80, and to D. B. F. Sut-
tle in sum of $400, all due by note, with J. B. Bostic, E. H.
Wright and J. F. Bostic as sureties. On the same day, D. D.

Suttle and wife, M. J. Suttle, to further secure the notes and indemnify the sureties, executed to two of them, J. B. Bostic and E. H. Wright, a trust deed on real estate. The acknowledgment of this trust by the makers and the privy examination of Mrs. M. J. Suttle were had before J. T. Bostic, the remaining surety, who was a Justice of the Peace, and his certificate was appended thereto, upon which the probate was had, and registration was ordered and made. In August, 1892, D. D. Suttle renewed his notes to his three creditors. H. D. Lee & Co. assigned the note held by them to B. Blanton & Co. In 1895 all the holders reduced their notes to judgment. · E. H. Wright, one of the sureties, died, · and D. D. Suttle became his administrator.

On December 10, 1890, D. D. Suttle sold the land to W. C. Bostic, and Suttle and wife made him a deed, and W. C. Bostic assigned his interest to T. P. Crawford, both of whom have been made parties. By some arrangement made with them and D. D. Suttle, his sureties agreed that the trust deed of January 4, 1890, should be surrendered and cancelled. S. J. Bostic claimed to have acquired an interest in the land under a sheriff's deed, and he has been made a party.

There was a reference ordered to M. H. Justice, Esq., to ascertain and report the facts and law. The case was heard upon exception filed by both sides, and was in all respects confirmed, and both sides appealed.

The plaintiff creditors contended that their right being the oldest took precedence over all others, and that they were entitled to be subrogated to the rights of the sureties in the trust deed executed for their indemnity. The referee so reported and the Court so held.

The defendant claimants contended that the said trust deed executed by D. D. Suttle and wife on January 4, 1890, was null and void as against subsequent purchasers and incum-

brances because the acknowledgment and privy examination were had before J. T. Bostic, one of the sureties, a Justice of the Peace, but disqualified to act as such in this case, because he was a party in interest.

Upon this point the case turns.

*Mr. D. W. Robinson,* for plaintiff.
*Mr. T. H. Cobb,* for defendant.

CLARK, J.   D. D. Suttle, on January 4, 1890, executed his promissory note with three sureties.   On the same day he executed his deed in trust to secure two of said sureties, and his acknowledgment of the deed and privy examination of his wife were taken before a Justice of the Peace who was the other surety and who was not named in the deed.   The notes were renewed in 1892, and by successive assignments have become the property of the present substituted plaintiff. The deed in trust was released by the two sureties, beneficiaries named therein, and the grantor then made the conveyance under which defendants claim.   This is an action by the payees of the notes to subject the land under the deed of trust.   It needs no discussion to say that it was correctly held by the referee and approved by the Judge:

1. That the renewal of the notes did not relinquish the lien in the absence of evidence to show such intent.   *Hyman v. Devereux,* 63 N. C., 627; *Vick v. Smith,* 83 N. C., 82; *Matthews v. Joyce,* 85 N. C., 266; *Bank v. Manufacturing Company,* 96 N. C., 298; *Bank v. Ireland,* 122 N. C., 574.

2. The referee had power to permit amendments to the pleadings.   Code, sec. 422.

The note having been again assigned, since this action begun, it was also proper to make the assignee a substituted party plaintiff.

It was also correctly held that the surety, omitted in the deed in trust, was entitled to be subrogated to the rights of his co-sureties *pro tanto,* if he had paid the debts, and the payees in the notes had a superior equitable right of subrogation to the benefit of any security given by the principal debtor to his sureties. *Ijames v. Gaither,* 93 N. C., 362; *Sherrod v. Dixon,* 120 N. C., 63; *Harrison v. Styres,* 74 N. C., 290; *Wiswall v. Potts,* 58 N. C., 189; whether they knew of it or not. *Matthews v. Joyce, supra;* Brandt on Suretyship, sec. 282.

It is also true that if the payees in the note acquired a valid right to subrogation to the security given the sureties, this right could not be released by the sureties to the detriment of the principal creditor. *Matthews v. Joyce* and *Ijames v. Gaither, supra; Ingram v. Kirkpatrick,* 41 N. C., 475; *Southerland v. Fremont,* 107 N. C., 571; *Bizzell v. McKinnon,* 121 N. C., 189; Brandt, *supra,* secs. 282, 283.

The effect of the acknowledgment of the trust deed before the third surety, who is not named therein, was earnestly presented. The principle that the probate of a deed taken by one who is disqualified for any cause is void (*White v. Connelly,* 105 N. C., 65), applies equally to invalidate the deed when the officer taking an acknowledgment and privy examination is disqualified. *Long v. Crews,* 113 N. C., 256, and cases cited on page 258; *McAllister v. Purcell,* 124 N. C., 262; 1 Devlin on Deeds, 476; 1 Am. and Eng. Enc. (2nd Ed.), 493, and cases cited by both.

If the disqualification of either the probating or acknowledging officer appears upon the face of the record, the registration is a nullity as to subsequent purchasers and incumbrancers. *Quinnerly v. Quinnerly,* 114 N. C., 145. But when the incapacity of the acknowledging or probating officer is latent, i. e., does not appear upon the record, one who takes

under the grantee in such instrument gets a good title. *Bank v. Hove,* 55 Minn., 40; *Heilbroun v. Hammond,* 13 Hun. (N. Y.), 474; *Bancks v. Ollerton,* 26 Eng. L. and E., 508, unless, as is said in *Groesbeck v. Steely,* 13 Mich., 329, by Campbell, C. J. (Judge Cooley concurring), the party claiming the benefit of the defective acknowledgment or probate is "cognizant of the facts."

Here, the invalidity is not in the execution of the trust deed, but in its registration upon an invalid acknowledgment; and it is valid between the parties without registration. The acknowledgment is valid on its face, but the payees in the note knew who the sureties thereto were, knew the acknowledging officer, though not named in the trust deed, was a beneficiary thereunder, and hence that the registration thereunder was void. If the plaintiffs had proceeded to obtain judgment and execution upon their debt, they could have set the deed in trust for the sureties aside, but they chose to rely upon their rights to subrogation to the rights of the sureties under a registration they knew to be invalid. If the grantor had merely made a subsequent conveyance to the defendants, it would have been valid as against the unregistered deed to the sureties, for such it was upon the defective acknowledgment; for though the defect was not upon the face of the papers,    *   *   *   the payees were cognizant of the latent defect. It makes nothing either way that the sureties attempted to release the security. Had it been valid, they could not have released it as against the principal creditor, and the deed being invalid (as to third parties) by the defective registration the defendants acquired a good title, not by virtue of the release but by the deed of the grantor to them, irrespective of it.

If the defendants had claimed title under a conveyance from the trustee and *cestuis que trustent* (instead of from the

grantor in the trust deed), while they would not have been affected by the latent defect in the acknowledgment, and consequently in the registration of the trust deed, they would have been fixed with notice that, by its terms, it was to secure the sureties, and therefore that the principal creditors had acquired rights which the sureties and trustee could not impair. But, here, the defendants rely upon the subsequent deed from the grantor, and it is the principal creditors who set up the trust deed and rights acquired thereunder, and, when they do so, they are barred by the fact that the registration of the trust deed was not valid, because they knew of its defectiveness. In holding that the land was subject to the payment of the plaintiff's debt, there was error. It is unnecessary to consider the plaintiff's appeal.

In defendant's appeal

Error.

In plaintiff's appeal

No error.