LAND COMPANY v. JENNETT.

(Filed February 26, 1901.)

1. CLERKS OF COURTS—*Interest—Disqualification—The Code, Sec.* 104.

No Clerk can act as such in relation to any estate or proceeding if he has, or claims to have, an interest therein, or if he is so related to any person having, or claiming to have, such interest that he would by reason of such relationship be disqualified as a juror.

2. DEEDS—*Probate—Clerk of Superior Court.*

Probate of a deed by a Clerk interested therein is a nullity.

3. DEEDS—*Probate—Order.*

When the probate of a deed is a nullity, the defect is not cured by the approval of the final decree under which it is made by the Judge of the Superior Court.

4. WAIVER—*Infants—Guardian Ad Litem—The Code, Sec.* 105.

Waiver under The Code, sec. 105, of disqualification of Clerk of Superior Court must appear affirmatively. Questionable whether a guardian *ad litem* can make such waiver.

5. COSTS—*Appeal—Transcript.*

An appellee sending up unnecessary matter will be taxed with the cost of making and printing the transcript.

ACTION to recover land by the Scranton and North Carolina Land and Lumber Company against George Jennett and others, heard by Judge *Thomas McNeill* and a jury, at Fall Term, 1900, of HYDE County Superior Court. From a judgment of nonsuit, the plaintiff appealed.

*Small & McLean,* and *W. B. Rodman,* for the plaintiff.
*Chas. F. Warren* and *S. S. Mann,* for the defendants.

CLARK, J.   The plaintiff claims under a deed from D. Wahab, administrator, which on its face purports to be authorized by orders and decrees in a special proceeding, entitled "D. Wahab, Adm'r of H. W. Wahab, against W. H. Wahab and others." It appeared in evidence that the order of sale in said special proceeding and the order confirming the sale by which the deed to plaintiff was directed and the probate of deed to plaintiff, were all made by J. H. Wahab, Clerk of the Superior Court, who was one of the heirs-at-law and distributees of the deceased and a party to the proceeding, that he drew the answer of the guardian *ad litem* of the infant defendants, that he was brother of the plaintiff in the special proceeding and brother and uncle of the defendants. The relationship is fully set out in the pleadings in said special proceeding.

The Court below properly held that said orders and decrees were void and that the plaintiff could not recover.   The Code, sec. 104, sub-secs. 1, 2; *Gregory v. Ellis,* 82 N. C., 225; *Freeman v. Person,* 106 N. C., 251; *Long v. Crews,* 113 N. C., 256; *McAllister v. Purcell,* 124 N. C., 262.   The waiver in writing, authorized by section 105, must have affirmatively appeared, but it was not shown to exist at all, and if it had been it is questionable if a guardian *ad litem* could have made such waiver for the infant defendants. *White v. Connelly,* 105 N. C., at page 71.   The defect in this case was apparent upon the face of the proceedings. *Blanton v. Bostic,* 126 N. C., 418.

What may be the remedy of plaintiff, who has paid the purchase-money ($216) for the land in question, is not a matter before us.   But clearly the plaintiff can not recover

the land by virtue of a deed whose probate is a nullity and which was made under decrees made by a party to the action, the disqualification not having been waived in any mode, as required by statute, and some of the parties being incapable of making a waiver by reason of infancy. These defects were not cured by the approval of the final decree by the Judge of the district.

The appellee will, however, be taxed with costs of those parts of transcript and the printing thereof, which are embraced in secs. 2, 3 and 4 of appellant's exceptions, for sending up unnecessary matter, as provided by rules 22 and 31 of this Court. See cases cited in Clark's Code (3d Edition), p. 918.

The judgment of nonsuit is affirmed.

Affirmed.