LANCE v. TAINTER.

(Filed December 17, 1904).

1. DEEDS—*Acknowledgment—Husband and Wife—Notary Public.*

   A deed of trust acknowledged before the grantee named therein as notary public is void.

2. DEEDS—*Probate—Registration—Acknowledgment.*

   Where the acknowledgment of a deed is void, the registration thereof is also void.

3. BANKRUPTCY—*Cancellation of Instruments—Cloud on Title—Deeds—The Code, sec. 1254.*

   A trustee in bankruptcy may maintain an action to cancel, as a cloud on title, a deed made by the bankrupt, which was void for defective acknowledgment, probate, and registration.

   CONNOR, J., dissenting.

ACTION by N. J. Lance against A. C. Tainter and another, heard by *Judge B. F. Long,* at January Term, 1904, of the Superior Court of MADISON County. From a judgment for the plaintiff the defendants appealed.

*Gudger & McElroy,* for the plaintiff.
*W. T. Crawford,* for the defendant.

CLARK, C. J.   This is an action by the plaintiff, as trustee in bankruptcy of two bankrupts, to have cancelled a deed in trust executed by them jointly, because it was acknowledged

by both grantors and privy examination of their wives was taken before the trustee named in said deed, who was a notary public.    The trustee in the deed being an interested person, the acknowledgment and privy examination before him were absolutely void.    *Long v. Crews,* 113 N. C., 256, and cases cited; 1 Devlin Deeds, secs. 476 and 477; 1 Cyc., 553, and notes.

The acknowledgment being a nullity, so was the probate by the Clerk based thereon and the registration.    *Long v. Crews, supra; Barrett v. Barrett,* 120 N. C., 129, 36 L. R. A., 326; *Todd v. Outlaw,* 79 N. C., 235; *Robinson v. Willoughby,* 70 N. C., 358; 1 Devlin, *supra,* 478.

The Code, section 1254, provides that "no deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, but from the registration of such deeds of trust or mortgage in the county where the land lieth." The Bankrupt Law of 1898, section 67*a,* provides that "claims which, for want of record or for other reasons would not have been valid liens as against the creditors of the bankrupt, shall not be liens against his estate." And section 70*e* provides that "the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred." It follows, therefore, that this instrument, not having been legally acknowledged, probated nor registered, is invalid against the creditors of the bankrupt and should be cancelled as a cloud upon the title which might injuriously affect the administration of the estate in the plaintiff's hands.    The demurrer that the complaint did not state a cause of action was properly overruled.   .

No Error.

CONNOR, J., dissents.