HENRY HOLMES ET AL. v. W. G. CARR ET ALS.

(Filed 1 October, 1913.)

1. Deeds and Conveyances — Probate Officer — Interest—Relationship.

The mere fact that the probate officer to a deed was the son of the grantor therein does not give him such interest in the lands, as heir at law, as would affect the validity of his act.

2. Deeds and Conveyances—Feeding Estoppel—Married Women.

The widow and daughter of the deceased went into possession of their respective shares of his land under a deed of partition. Thereafter the latter conveyed to another, and it is *Held* that the validity of the partition is immaterial, for the daughter, though a married woman, was estopped by her deed from claiming an interest in her mother's land, which came to her by descent, after her mother's death, and this "fed the estoppel."

APPEAL by plaintiff from *O. H. Allen, J.,* at May Term, 1913, of GREENE.

*George M. Lindsay for plaintiffs.*
*J. Paul Frizzelle for defendants.*

CLARK, C. J.   The plaintiffs except to the admission of a deed from them to T. W. Carr, the father of defendants, on the ground that the probate was improperly taken by W. G. Carr, the son of the said T. W. Carr, as justice of the peace.   Said probate was taken by him in 1894, and at that time he had no interest in the property to which he succeeded, together with the other defendants, as heirs at law of their father, T. W. Carr, who died in 1903.

We have numerous decisions that an acknowledgment of a deed by the husband and wife and privy examination of wife taken before a justice of the peace, commissioner, or a notary is a judicial or at least a *quasi*-judicial act, and that a probate is void if taken before one who has an interest in the conveyance. *White v. Connelly,* 105 N. C., 65; *Long v. Crews,* 113 N. C., 256; *Land Co. v. Jennett,* 128 N. C., 4.   But this must be a pecuniary interest in the property conveyed.   In *Gregory v. Ellis,* 82 N. C., 227, *Dillard, J.,* says:   "No judge, whether probate or other, could take jurisdiction of any cause wherein he was a party or otherwise had a *pecuniary interest.*"

But in this case W. G. Carr, the justice of the peace, though he has since acquired an interest in the property by inheritance, at the time of the conveyance had no interest, either vested or contingent, in the property conveyed.   His father might have sold it, or have devised it.   The mere fact of his relationship to one of the parties to the conveyance does not affect the validity of the probate of the deed by him.   In *McAllister v. Purcell,* 124 N. C., 262, this question was directly presented, and the Court said: "There is no principle of law, nor precedent, which invalidates the acknowledgment and privy examination taken before an officer who has neither any interest in the instrument, nor is a party thereto, simply because he is related to the parties."

The land belonged to Richard Jones, who died in 1873, leaving Mahala Jones, his widow, and Sarah Holmes, the plaintiff, his daughter, who partitioned the land between them, and they went into possession of their respective shares. In 1894, while Mahala Jones was still living, Sarah Holmes and husband conveyed to T. W. Carr the part of which she was in possession—the land in controversy. Subsequently Mahala Jones died intestate, without having disposed of her land, leaving Sarah Holmes her sole heir. The question whether the partition was valid or not is immaterial. Sarah Holmes had no title to the interest, whether a divided or undivided interest, which Mahala Jones owned in the land at the time of the deed; yet Sarah Holmes, though a married woman, is estopped by her deed, and the subsequent devolution of her mother's title on her by descent "feeds the estoppel." Mordecai's Lectures, 785; *Zimmerman v. Robinson*, 114 N. C., 49.

The other exceptions require no discussion.

No error.