ROANOKE RAILROAD AND LUMBER COMPANY v. J. B. PRIVETTE.

(Filed 20 December, 1919.)

**Costs—Appeal and Error—Record—Rules of Court.**

Where a party to an action in the settlement of a case on appeal insists that the entire charge of the trial judge should be sent up on appeal as a part of the record, and this has been uselessly done over the objection of the opposing party, being unnecessary to the proper presentation of the matters of law involved, the motion of the latter, upon notice, to retax the cost for the full amount of the printed record, will be sustained. Attention of the profession is called to the Rules of the Supreme Court as to sending up unnecessary matter in the record causing useless cost to litigants and the inconvenience of the Court. See Rules of Court, 31, 32, 22 and 19.

MOTION by defendant to retax the costs for printing the record.

*Austin & Davenport, Bunn & Spruill, and Small, MacLean, Bragaw & Rodman for plaintiff.*

*Finch & Vaughan, W. H. Yarborough, J. S. Manning, and J. Crawford Biggs for defendant.*

CLARK, C. J. This is a motion by the defendant, upon notice, to retax the costs against the plaintiff for the full amount of printing the record, upon the ground that all the parts of the record printed were necessary, and further, that when the statement of the case on appeal was settled by the trial judge the appellee (plaintiff) insisted that the

entire charge of his Honor should constitute a part of the record on appeal. The plaintiff has not controverted this statement.

Rule 32 provides: "Judge and counsel should not encumber the 'case on appeal' with evidence or with matters not pertinent to the exceptions taken. When the case is settled, either by the judge or the parties, if either party deems that unnecessary matter is incorporated, he shall have his exception noted, designating the parts deemed unnecessary, and if, upon hearing the appeal, the Court finds that such parts were in fact unnecessary, the cost of making the transcript of such unnecessary matter and of printing the same shall be taxed against the party at whose instance it was incorporated into the transcript, as required by Rule 22, no matter in whose favor the judgment is given here, except when such party has already paid the expense of such unnecessary matter, and in that event he shall not recover it back, though successful on his appeal. Motions for taxation of costs for copying and printing unnecessary parts sent up in the manuscript shall be decided without argument."

It is not intended by the law that the costs of litigation, and of appeals, shall be unnecessarily expensive. For that reason the Court has not only adopted Rule 31 (and Rule 22 therein referred to), but has added the following to Rule 19 in regard to making up the transcript of the record:

"It shall not be necessary to send up as a part of the transcript, affidavits, orders, and other process and proceedings in the action not involved in the appeal and not necessary to an understanding of the exceptions relied on. Counsel may sign an agreement which shall be made a part of the record as to the parts to be transcribed, and in the event of disagreement of counsel the judge of the Superior Court shall designate the same by written order: *Provided,* that the pleadings on which the case is tried, the issues and the judgment appealed from, shall be a part of the transcript in all cases: *Provided further,* that this rule is subject to the power of this Court to order additional papers and parts of the record to be sent up.

"When there are two or more appeals in one action, it shall not be necessary to have more than one transcript, but the statements of cases on appeal shall be settled as now required by law and shall appear separately in the transcript. The judge of the Superior Court shall determine the part of the costs of making the transcript to be paid by each party, subject to the right to recover such costs in the final judgment as now provided by law."

Owing to the high cost of printing it is more necessary than ever to observe these requirements to prevent oppression and useless expense in sending up appeals to this Court.

This Court has always held that the cost of printing unnecessary matter may be taxed against the party causing it to be sent up, regardless of the issue of the appeal. *Wilson v. R. R.,* 142 N. C., 333; *Yow v. Hamilton,* 136 N. C., 357; *Finch v. Strickland,* 130 N. C., 44; *Gray v. Little,* 127 N. C., 303; *Durham v. R. R.,* 108 N. C., 403; *Tobacco Co. v. McElwee,* 96 N. C., 71; *Kivett v. McKeithan,* 90 N. C., 106.

Especially is this so where the party has insisted on unnecessary matter being incorporated in the case on appeal, against the objection of the other party, and printed. *Brazille v. Barytes Co.,* 157 N. C., 454; *Harris v. Davenport,* 132 N. C., 697; *Land Co. v. Jennett,* 128 N. C., 3; *Baker v. Hobgood,* 126 N. C., 149; *Barnes v. Crawford,* 119 N. C., 127. Among the matters unnecessary to be sent up are: having two records when both sides appeal are irrelevant evidence, *Supply Co. v. Machin,* 150 N. C., 738; the referee's reports and exhibits, and evidence when not necessary to the consideration of the case. The decisions on this matter are grouped, 3 Michie's Digest, pp. 739-741.

The Court found that it was absolutely necessary to have the briefs and record printed for the proper consideration of the appeal by each member of the Court, which was impossible when there was but one transcript, and that in manuscript, which was often difficult to read, and unwieldly. But at the same time the Court provided against unnecessary cost of transcripts and printing by the rules above set out.

This has often been ruled, but it is again specially called to the attention of lawyers practicing in this Court to prevent unnecessary expense and the oppression which would often result from a disregard of the protection afforded by the Rules.

The object of the transcript on appeal is not to send up the entire record or history of the case in all its details, but to send up only that part thereof which is actually necessary to present the matter which bears upon the assignments of error to which the attention of the Court is restricted. The requirement of these assignments, which is mandatory, is not only to save the loss of time of the Court in searching through the record for possible errors, but also to save litigants the expense of sending up matter which is unnecessary, and which cannot throw any light upon the errors assigned. There are very few records, probably, that come up to this Court which are not far more voluminous than is necessary for that purpose. We have recently had a record of 500 pages, which it may be said, without exaggeration, could have fully presented the entire matter presented by the assignments of error in half a dozen pages. Such a course as this should be avoided, and we hope our brethren of the bar will aid us in reducing the unnecessary cost of appeals to litigants.

It is not intended to intimate that, in this respect, the plaintiffs should be deemed, as were of old, "those eighteen upon whom the tower in

Siloam fell, that they were sinners above all men." Luke 13 :4. Far from it, for the appeals in which unnecessary matter has been sent up, and often in far greater volume, have been many. But the motion has been made in this case to tax unnecessary printing, which has become costly, against the party causing it, and we should again endeavor to protect litigants by again pointedly calling attention to the rules we have prescribed for that purpose, and declare our intention to rigidly enforce them.

The prayer of the motion that "the clerk be directed to tax against the appellee (the plaintiff) the costs of printing the entire record, and not simply the sixty pages," is granted. The allowance for printing, it may be noted, is now $1 per page.

Motion allowed.