BRANCH INVESTMENT COMPANY v. J. S. WOOTEN AND WIFE,
MAMIE G. WOOTEN,

AND

J. S. WOOTEN AND WIFE, MAMIE G. WOOTEN, v. BRANCH BANKING
AND TRUST COMPANY, AND METROPOLITAN LIFE INSURANCE
COMPANY.

(Filed 12 March, 1930.)

**Mortgages A c—Member of firm securing loan upon commission does not have interest disqualifying him from taking acknowledgment of mortgage.**

The pecuniary interest which disqualifies a notary public from taking the acknowledgment and privy examination of a husband and wife to their mortgage of lands is an interest in the lands conveyed, and does not include his interest in the transaction as a member of the firm securing the loan upon a commission.

APPEAL by defendants J. S. Wooten and wife, Mamie G. Wooten, from *Daniels, J.,* and a jury, at November Term, 1929, of LENOIR. No error.

The above-entitled two civil actions having been consolidated by order of the court, came on for trial before his Honor, F. A. Daniels, judge presiding. The issues submitted to the jury and their answers thereto were as follows:

"1. Did J. S. Wooten and wife, Mamie G. Wooten, execute and deliver unto the Metropolitan Life Insurance Company their note in the sum of $6,000, as alleged? Answer: Yes.

2. Was the Metropolitan Life Insurance Company the owner of said note at the institution of these actions? Answer: Yes.

3. Did W. B. Douglass, notary public, fail and neglect to take the private examination of Mamie G. Wooten, as required by law, to the deed of trust of J. S. Wooten and wife to Branch Banking and Trust Company, trustee, as alleged? Answer: No.

4. Was W. B. Douglass, notary public, so financially interested in the said deed of trust as to disqualify him from taking the acknowledgment of J. S. Wooten and wife, Mamie G. Wooten? Answer: No.

5. Is the Branch Investment Company the owner of and entitled to the possession of the lot of real estate in controversy? Answer: Yes.

6. Were the proceeds of the $6,000 used to discharge valid subsisting liens against the real estate of J. S. Wooten and wife, Mamie G. Wooten, located on the northwest corner of McLewean Street and Vernon Avenue? Answer: Yes, except $99.62 and $420 and $75."

There was evidence tending to support the findings of the jury on the first, second and third issues.

The court below charged the jury: "As to the fourth issue, which is 'Was W. B. Douglass, notary public, so financially interested in said deed of trust as to disqualify him from taking the acknowledgment of J. S. Wooten and wife?' After such investigation as I have been able to devote to the legal question involved, with the aid of the gentlemen on both sides, I am of the opinion that in order to constitute such disqualification he must· have been financially interested in the property conveyed, and there being no evidence to that· effect, I charge you that if you believe the evidence you will answer the fourth issue No, that is, that he was not financially interested in the deed of trust."

To this charge defendants excepted and also to the judgment as set out in the record, duly assigned error and appealed to the Supreme Court.

*Sutton & Greene, David W. Isear and Connor & Hill for plaintiff.*
*Rouse & Rouse for defendant.*

CLARKSON, J. The question involved: Is a deed of trust executed by a husband and wife rendered void by reason of the fact that the acknowledgment thereof by the makers and privy examination of the wife were taken by a notary public who was a member of the firm which negotiated the loan secured thereby and which firm was entitled to receive a commission out of the loan for its services, there being no evidence of fraud or undue influence? We think not.

In *White v. Connelly*, 105 N. C., at p. 70, the following safe rule is quoted: "No one ought to be a judge in his own cause; and so inflexible and so manifestly just is this rule, that *Lord Coke* has laid it down, that 'even an act of Parliament made against natural equity, as to make a man a judge in his own case, is void in itself.'" We do not think this salutary rule applicable to the facts in this action:

In *Holmes v. Carr*, 163 N. C., at p. 123, we find: "We have numerous decisions that an acknowledgment of a deed by the husband and wife and privy examination of wife taken before a justice of the peace, commissioner, or a notary is a judicial or at least a *quasi*-judicial act, and that a probate is void if taken before one who has an interest in the conveyance. *White v. Connelly*, 105 N. C., 65; *Long v. Crews*, 113 N. C., 256; *Land Co. v. Jennett*, 128 N. C., 4. But this must be a pecuniary interest in the property conveyed. In *Gregory v. Ellis*, 82 N. C., 227, *Dillard, J.*, says: 'No judge, whether probate or other, could take jurisdiction of any cause wherein he was a party or otherwise had a *pecuniary interest.*"

Speaking to the subject in *Hinton v. Hall*, 166 N. C., at p. 479, we find: "W. L. Cahoon had no pecuniary interest in the transaction, and

his relation to Williams as brother-in-law did not disqualify him as notary public to take the acknowledgment of Hall and the privy examination of Hall's wife. Cahoon testified that of the $800 loaned Hall, $75 was paid to himself for a debt which Hall owed him and $300 for an indebtedness of Hall to Cahoon's wife for a tract of land."

In *Cowan v. Dale,* 189 N. C., at p. 687, it is written: "A. N. Dale, the deputy clerk who probated the chattel mortgage, was one of the grantees therein and by reason of his interest was not qualified to exercise this particular judicial function. An officer who has a pecuniary interest in a deed or mortgage as a party, trustee, or *cestui que trust* is disqualified to probate it or take the acknowledgment of its execution. *Long v. Crews,* 113 N. C., 256; *Lance v. Tainter,* 137 N. C., 249; *Holmes v. Carr,* 163 N. C., 122." See *McAllister v. Purcell,* 124 N. C., 262.

From the authorities in this jurisdiction, the principle laid down ordinarily is to the effect that the notary must not have a pecuniary or financial interest in the property conveyed. Under the facts and circumstances of this case he had none, and the court below so charged the jury. We find

No error.