J. S. ARMSTRONG v. CHARLES A. JONAS, TRUSTEE, ET AL.

(Filed 8 February, 1933.)

**Mortgages A c—**

A notary public who owns a life estate in lands has no interest therein which would render his taking the acknowledgment of a deed of trust on the remainder in fee void.

CIVIL ACTION, before *Harris, J.,* at July Special Term, 1932, of LINCOLN.

On 1 July, 1927, Kenneth Grigg and wife executed a deed of trust to Charles A. Jonas, trustee, and the Commercial Bank and Trust Company, *cestui que trust,* to secure a note for $10,000, payable to said bank. The property described in the deed of trust was situated on Main Street in the town of Lincolnton. The deed of trust contains the following stipulation: "It is agreed that W. E. Grigg is the owner of a life estate in the property herein conveyed, said property having been willed to him by B. F. Grigg during the lifetime of said W. E. Grigg." The Seth Lumber Company purchased the note and deed of trust above described for valuable consideration on or about 18 June, 1931, and is now the owner and holder of said deed of trust. On 16 September, 1929, J. S. Armstrong, plaintiff, secured a judgment against Kenneth Grigg and W. E. Grigg, amounting to $2,735 with interest and cost. Thereafter an execution was issued and the land duly sold thereunder by the sheriff on 20 July, 1931. At said execution sale the plaintiff Armstrong became the purchaser of said land, and on 22 August, 1931, instituted the present action to cancel the deed of trust, dated 1 July, 1927, and recorded in Book of Mortgages 154, at page 438, as a cloud upon his title, upon the proof that the acknowledgment of said deed of trust was taken by W. E. Grigg, notary public, who at the time owned a life estate in the land. At the conclusion of the evidence there was judgment of nonsuit, and the plaintiff appealed.

*W. H. Childs and W. A. Dennis for plaintiff.*
*Ryburn & Hoey for Lumber Company.*
*Kemp B. Nixon for Charles A. Jonas and the liquidating agent of the Commercial Bank.*

BROGDEN, J. If a notary public owns a life estate in a parcel of land, is he qualified to take the acknowledgment of the grantor and his wife to the execution of a deed of trust upon the remainder in fee?

It has been generally held that if a notary public is a party, trustee, or *cestui que trust,* in a conveyance of land that he is disqualified to probate the instrument or to take the acknowledgment of its execution. *Blanton v. Bostic,* 126 N. C., 418, 35 S. E., 1035; *Cowan v. Dale,* 189 N. C., 684, 128 S. E., 155; *Bank v. Tolbert,* 192 N. C., 126, 133 S. E., 558; *Investment Company v. Woolen,* 198 N. C., 452, 152 S. E., 167. The Court observed in the *Investment Company case, supra,* that "from the authorities in this jurisdiction, the principle laid down ordinarily is to the effect that the notary public must not have a pecuniary or financial interest in the property conveyed."

The pecuniary interest which vitiates an official act of this sort, implies that the officer taking the acknowledgment will either actually or probably receive as his own, money or equivalent value as a result of the transaction. What value, benefit or advantage could the life tenant possibly realize from the execution of the deed of trust on the remainder in fee? His life estate is neither diminished nor enlarged thereby; nor is the enjoyment thereof in anyway impaired or affected. Consequently, it is the opinion of this Court that the trial judge made a correct ruling.

Affirmed.